## EDGAR V. GREER.

1. CERTIORARI: WHEN GRANTED. The writ of *certiorari* is granted in all cases where an inferior tribunal board or officer is alleged to have exceeded its or his proper jurisdiction, or is otherwise acting illegally, if in the judgment of the court applied to, there is no other plain, speedy and adequate remedy.

2. PROCEDENDO. When a judgment of the court below is reversed and remanded by *procedendo*, the court must proceed thereafter in a manner not inconsistent with the opinion of the Supreme Court. When it appears from such opinion that no cause of action exists, the action must be dismissed, and any different proceeding will be corrected by *certiorari*.

*Certiorari to the District Court of Hardin County.*

### FRIDAY, DECEMBER 5.

THIS writ brings before this court the proceedings of the court below after the reversal of the cause, as reported in 7 Iowa, 139. Upon this reversal a *procedendo* issued and the cause was again regularly docketed in the District Court. The defendant, after this, filed an answer denying the cause of action, and claiming of the plaintiff the sum of one thousand dollars by way of cross-claim or set-off. After this answer was filed, the record shows that the plaintiff appealed by his attorney, E. W. Eastman, and dismissed his action, whereupon judgment was rendered in favor of defendant for the costs. It appears that the cause was continued upon the docket however, and at the second term after the dismissal by the plaintiff, judgment was rendered against him and in favor of defendant, for about $200.

After the dismissal, the plaintiff brought suit upon the note upon which the confession of judgment was made in the District Court of Mahaska county. To this proceeding the defendant pleaded the confession. The plaintiff replied, setting up the reversal of that judgment by this court. A demurrer to this replication being sustained, the cause was brought to this court and the judgment reversed.

See 10 Iowa, 281. Upon a hearing again in the District Court judgment was entered up for the plaintiff. An execution issued thereon, directed to the Sheriff of Hardin county, who set off the judgment in favor of defendant against the one in favor of plaintiff.

The plaintiff claims that he had dismissed his cause of action in Hardin county; that there was no cause then pending under the decision made by this court, and that the court had no jurisdiction to hear and determine said cause after it was reversed; that the cause was docketed without his knowledge or consent, and that he was not advised of the action of the court until the time for taking an appeal had expired.

*W. H. Seevers* for plaintiff.

*Greer* and *Henderson* for defendant.

BALDWIN, C. J.— The writ of *certiorari* is granted in all cases where an inferior tribunal, board or officer, is alleged to have exceeded its proper jurisdiction, or is otherwise acting illegally, when, in the judgment of the court applied to for the writ, there is no other plain, speedy, and adequate remedy.

It is claimed by the defendant that the District Court, after the reversal of the cause in this court still had jurisdiction and authority to render the judgment it did, from the fact that the *procedendo* issued and the cause was again docketed for trial, and that the plaintiff appeared thereafter and dismissed his suit. A *procedendo* issues upon the reversal or the remanding of every cause, and the inferior tribunal is thereby instructed to proceed in a manner not inconsistent with the opinion of this court. If, from the judgment of this court, it appears that the cause of action no longer exists, or, in other words, there is nothing left upon which the court can act, the cause should be dismissed. While it might be true that the appearance of a party to

dismiss his cause of action would give the court jurisdiction over the person, it would not, however, follow, that such an act would give the court jurisdiction of the subject matter of the action. That there was nothing left after this cause was reversed of which the court could take jurisdiction, is clearly indicated by the opinion of this court in 10 Iowa, 9. Says STOCKTON, Justice: "It is to be observed that although the case is remanded to the District Court for further proceedings, yet the opinion rendered in this court disposed of all questions arising on the power of attorney under which the confession of judgment was made, and although by the order remanding the cause the parties were recognized as still nominally in the District Court, yet the plaintiff was there virtually without any cause of action. The decision of this court that the power of attorney conferred no authority on the clerk to enter up judgment against defendant, left nothing in fact, possible to be done in the District Court on the return of the cause to that court. The plaintiff could not amend his power of attorney or supply its defects so as to give the clerk power either in vacation or in term time, to render a judgment against the defendant."

Without undertaking therefore, to determine whether the defendant could, after the plaintiff had dismissed his cause of action, come in at a succeeding term of the court, claim a default and judgment upon his answer, and without notice to the plaintiff at the time of such dismissal, that the defendant should insist upon judgment on his cross-claim, we conclude that the opinion as above quoted, settles the question that the court had no power to render the judgment that it did. It exceeded its jurisdiction in so doing, and the plaintiff was entitled to the verdict. The motion of defendant to quash the writ, is therefore overruled, and the judgment of the District Court is set aside and declared void.