Miller, J.
l certiorateboard°of supervisors. Upon the coming in of the return to the writ, “the plaintiff filed a motion, objecting to the sufficiency the f’etmm and moved that defend-an^s t>e required to return the evidence upon which they acted, in full.” This motion was* overruled; plaintiff excepted and assigns this ruling as error.
Gertiora/ri is a common-law writ, issued from a superior court directed to one of inferior jurisdiction, commanding the latter to certify and return to the former the record in the particular case. 1 Bouv. Law Die. 215, and authorities there cited. It differed from a writ of error in this, that the certiorari removed the cause, while a writ of error only superseded the proceedings in the court below.
Under the Revision of 1860, the writ of certiorari is granted in all cases where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its jurisdiction, or is otherwise acting illegally, when, in the judgment of the court applied to for the writ, there is no other plain, speedy and adequate remedy. Rev., § 3487; Edgar v. Greer, 14 Iowa, 211.
There are two grounds upon which this writ may be based, either of which is sufficient: 1st. That the inferior court, board or officer is alleged to have exceeded its jurisdiction. 2d. That such court, board or officer is otherwise acting illegally.
*526 There can be no doubt that the board of supervisors had jurisdiction over the subject-matter in this case. By section 739 of the Revision of 1860, “the board of supervisors of each county shall constitute a board for the equalization of the assessments, and have power to equalize the assessments of the several persons and townships of the county, substantially in the same maimer as is required of the State bocurd of equalization, to equalize among the several counties of the State, so far as applicable, at their regular meetings in June in each and every year,” etc.
The census board constitutes the State board of equalization (Rev. of 1860, § 742), and have power to “ equalize the valuation of real property among the several counties and towns in the State, in the following manner:
“1. They shall add to the aggregate valuation of real property of each county, which they shall believe to be valued below its proper valuation, such per centum in each case as will raise the same to its proper valuation.”
“ 2. They shall deduct from the aggregate valuation of real property of each county, wlvich they believe to be valued above its proper valuation, such per centum in each case as will reduce the same to its proper valuation.”
The State board is thus, by the statute, empowered to add to, or deduct from, the assessments of real property in the several counties, which they believe are below or above the proper valuation. Whether the valuation in any particular county is too high or too low, rests in their belief— in their judgment and sound discretion. The county boards have “power to equalize the assessments of the several persons and townships of them respective counties, substantially in the same manner as is required of the State board, so far as applicable.” If the board of supervisors believe an assessment of a particular “ person or township ” to be too low, they are authorized to raise it. And if they believe another to be above its proper valuation, they have power to reduce it, That the board may not *527 receive evidence to enable tbem to form a correct judgment in tbe premises, we do not bold; on tbe contrary, we are of opinion that they may resort to any proper mode of information that will enable tbem to make a just and proper equalization of tbe assessments witbin tbeir county. But they are not required to do so in all cases.
Tbe members of tbe board, coming from different parts of tbe county, may, and generally are/ sufficiently acquainted with tbe value of tbe taxable property in tbe various portions of tbe county, without calling in other witnesses or procuring any further evidence than tbeir own knowledge of tbe facts involved. This power of equalization being conferred upon tbe board, to be exercised by tbem npon tbeir judgment and belief of tbe facts in each particular case, their discretion cannot be controlled or reviewed on certiora/ri. While they act witbin tbeir jurisdiction and commit no illegalities, them proceedings, though erroneous, cannot be corrected on certiora/ri.
Tbe ground of complaint in this case is, that tbe board raised some of tbe assessments too high. We have seen that tbe law confers upon tbem tbe power to raise or reduce tbe assessments as they may believe tbem too low or too high. Tbe complaint, then, is, that, in exercising their lawful authority over a subject witbin them jurisdiction, tbe board has committed errors of fact. These are not such illegalities as may be corrected on certiorari. Chicago & R. I. R. Co. v. Whipple, 23 Ill. 108; Commissioners, etc., v. Supervisors of Carthage, 27 id. 140; Low v. Galena & Chicago Union R. Co., 18 id. 140.
The record, as certified and returned, does not show that tbe board received any evidence upon which they acted in changing tbe assessments. Tbe record was certified in full in tbe return. It was not made to appear in any manner that any of tbe facts connected with tbe action of tbe board were not certified up. Tbe motion, therefore, was properly overruled, for this reason, as well as for tbe reason that tbe *528 evidence (if any) upon which, the board acted, was not pertinent to any, inquiry before the court. The court had no authority to review the evidence produced before the board, and upon which they acted in forming their judgment on matters of fact.
3._evidence aliunde. For the same reasons, there was no error in the refusal of the court to receive the testimony of witnesses to prove thé facts alleged in the plaintiff’s petition. The 0-gjce 0f the petition or affidavit, as the statute designates it (Rev., § 3490), is to obtain the writ. When the writ has been issued and returned, the trial is had upon the record. Rev., § 3493. To allow witnesses to be examined in certiora/ri proceedings would be to convert the proceedings into a trial de novo on the merits, as on appeal, which is not the office of the writ. Rev., § 3493.
Whether an appeal would lie from the action of the board of supervisors, we need not decide. We are clear, however, that their decision cannot be corrected on certiora/ri.
The judgment of the district court is
Affirmed.