KECK *et al.* v. THE BOARD OF SUPERVISORS OF KEOKUK COUNTY *et al.*

1. **Taxation:** EQUALIZATION OF ASSESSMENTS. By chap. 89, Laws of 1870, the township trustees are constituted a board for the equalization of assessments of property taxable in their township, and they possess and may exercise this power to the same extent that it was possessed by the board of supervisors prior to said act, and as is now possessed by the board as between the several townships of the county.

2. —— DUTY OF ASSESSOR. When the trustees have ordered a change to be made in the assessment of property belonging to a person, it is the duty of the assessor to make the correction on the assessment book.

3. —— CERTIORARI. On his failure so to do, the proper correction may be ordered in a certiorari proceeding.

*Appeal from Keokuk District Court.*

TUESDAY, DECEMBER 9.

THIS is a proceeding by certiorari against the board of supervisors of the county, the trustees of Sigourney township and the assessor of the incorporated town of Sigourney, in which the plaintiffs state, in substance, that they were in the year 1872 owners and holders, respectively, of certain shares in the capital stock of the First National Bank of Sigourney, subject for that year to assessment in said town; that they were respectively aggrieved in the assessment of their said property, the same having been assessed too high by the town assessor; that they respectively appeared before the township trustees, on the first Monday of May, 1872, and petitioned said trustees as the board of equalization to correct such assessment by a reduction of the same; that said board did then order that said assessments should be reduced, but not to the extent asked for by the plaintiffs; and ordered that the books of the assessor should be changed accordingly, and said board ordered the assessor to make said changes, but that said assessor refused to do so, and delivered the books to the county auditor without said corrections being made; that plaintiffs applied to the .

board of supervisors of the county to have the orders of the trustees in the premises carried out, which said board refused to do.

The returns made to the writ by the township trustees and by the board of supervisors substantially establish the allegations of the petition.

On a trial by the court, judgment was rendered directing that the assessors' books should stand corrected as ordered by the township trustees, and adjuding that the members of the board of supervisors be discharged and go hence without day.

The latter alone appeal.

*Mackey & Donnell* for the appellants.

*Woodin & McJunkin* for the appellees.

MILLER, J. — I. The appellees move to dismiss the appeal, because the board of supervisors alone appeal, and judgment having been rendered in their favor in the court below, there is nothing from which they can appeal. Since we affirm the judgment of the court below, we do not deem it necessary to pass upon this motion.

II. By chapter 89, Laws of 1870, the township trustees of each township constitute a board of equalization of assessments for their respective townships, and have the same power to equalize the assessment of the property liable to taxation in the township, substantially the same, so far as is practicable, as is done by the board of supervisors between the several townships. The board of supervisors have power to equalize the assessments of the several townships in the county, substantially in the same manner as is required of the State board of equalization, to equalize among the several counties of the State, as near as practicable. Rev., § 739, as modified by the chapter above referred to.

1. TAXATION.

It was held in *Smith* v. *The Board of Supervisors, etc.,* 30 Iowa, 531, that under section 739 of the Revision that, if the board of supervisors believed the assessment of a particular

"person or township" to be too low, they had power, at their meeting for equalizing assessments, to raise it, and on the other hand, if they believed another assessment of "a person or township" to be too high, they had the power to reduce it. By the act of 1870, chapter 89, the power to equalize the assessments upon "*persons*" is taken away from the board of supervisors and conferred upon the township trustees. The latter possess that power now to the same extent as it was possessed by the former prior to the taking effect of the act of 1870.

The latter act provides that any person aggrieved at any thing in the assessment of his property may appear before the township board, at their meeting, on the first Monday in May, in person or by agent, "and have the same corrected in such manner as to the said board of trustees may seem just and equitable, and it shall be the duty of the township assessor to meet with the said board, and correct the assessment books as they may direct." Section 3.

The plaintiffs did appear at the time specified in the statute and requested the board to reduce the assessment put upon 2. —— duty of their bank stock, by the assessor. The board assessor. did order a reduction, as they had the power to do, but the assessor refused to correct the books as directed by the board, and passed them out of his hands without such correction.

The plaintiffs applied to the proper tribunal for the redress of their alleged grievances in the assessment. That tribunal, in the exercise of its lawful power, ordered a correction of the several assessments of the plaintiffs. The plaintiffs are lawfully entitled to have that action of the board of equalization carried into effect. *Macklot* v. *City of Davenport*, 17 Iowa, 379.

It is objected by appellant's counsel that this cannot be done in a proceeding by certiorari; that the remedy is by mandamus. The record shows that the plaintiffs and 3. —— certiorari. also the board of trustees supposed that the correction ordered had been made by the assessor on the assessment books; that nothing was known by them to the con-

trary until after the books had passed out of the hands of the assessor. He then had no power to make the correction ordered, and mandamus would not lie to compel him to do so, nor would it lie against the trustees for they had not refused to perform their duty in the premises; neither would mandamus lie against the county auditor, for the law does not enjoin the correction of the assessment books ordered by the trustees, as a duty upon that officer. On the other hand, the illegal conduct of the assessor, in refusing to correct the books as the board of trustees had ordered, and passing the books out of his hands without such correction being made, was being perpetuated in the hands of the county auditor. The plaintiffs are entitled to have this illegal proceeding arrested, and the only remedy open to them is by certiorari, which brings up the whole record for inspection, and on the face of which the illegality appears. See *Smith* v. *Board of Supervisors, etc., supra; Macklot* v. *City of Davenport, supra; Edgar* v. *Greer,* 14 Iowa, 211; *McCrory* v. *Griswold,* 7 id. 248; *Myers* v. *Sims,* 4 id. 500; *McCune* v. *Swafford,* 5 id. 552; *Spray & Burns* v. *Thompson,* 9 id. 40.

The judgment of the district court will be

Affirmed.