CASSETT v. SHERWOOD.

| 42 | 623 |
| 95 | 22 |

1. **Taxation:** EQUALIZATION OF ASSESSMENT: BOARD OF SUPERVISORS. The board of supervisors ordered that shares of bank stock be assessed at sixty per cent of the par value of the stock, and they were so returned by the assessor, but the township trustees, acting as a board of equalization for the township, reduced the assessment to forty per cent of the par value, whereupon the board of supervisors restored the assessment to the rate it had first ordered: *Held*, that while the township trustees are empowered to equalize the taxes of their township, yet the board of supervisors are charged with the duty of equalizing the taxation of the county and accordingly may fix the rate of assessment in the townships.

*Appeal from Marion District Court.*

WEDNESDAY, APRIL 5.

THIS is a proceeding of *certiorari;* the defendants are the members of the board of supervisors and the auditor of Marion county. The petition alleges that the board of supervisors acted illegally and exceeded its power in correcting an assessment for taxation for the year 1873, made upon certain shares of stock in a National Bank owned by plaintiff. The relief asked by plaintiff was denied and the cause was dismissed after a trial upon the merits; from this judgment plaintiff appeals.

*Stone & Ayres* and *Curtis & Germon*, for appellant.

*Anderson & Collins*, for appellee.

BECK, J.—The plaintiff owned certain shares of stock in a national bank doing business in the city of Pella, which for the year 1873 were assessed by the proper assessor at sixty per centum of their par value. Upon his application the trustees of the proper township, acting as the board of equalization, reduced the assessment of his stock to forty per centum. The assessment of shares of stock in the same and probably in another bank, was reduced to the same amount. Subsequently, the board of supervisors restored the assessment made by the assessor and the rolls and tax list were corrected

accordingly. This is the action of the supervisors complained of, which plaintiff seeks in this proceeding to correct.

Prior to the assessment by the township or city assessor, at the time prescribed by law, the supervisors classified the property of the county to be assessed for the purpose of equalizing the assessment thereof. In this classification they ordered "the shares or other stock in national or other banks and moneys and credits to be assessed at sixty per centum of par value." The officer making the assessment of plaintiff's bank stock was guided therein by the action of the supervisors.

I. It becomes necessary to examine the legislation applicable to the subject in order to determine the questions involved in this case.

Rev., § 739, provides as follows: "The board of super·visors of each county shall have power to equalize the assessments of the several persons and townships of the county, substantially in the same manner as is required of the State board of equalization to equalize among the several counties of the State so far as applicable * * * * * * * * ."

In prescribing the duties of the State Board of Equalization the statute provides that, "1. They shall add to the aggregate valuation of real property of each county, which they shall believe to be valued below its proper valuation, such per centum in each case as will raise the same to its proper valuation. 2. They shall deduct from the aggregate valuation of real property of each county, which they shall believe to be valued above its proper valuation, such per centum in each case as will reduce the same to its proper valuation."

Revision, Sec. 731, provided that, at a time prescribed, the several assessors of the county should "classify the several descriptions of property to be assessed for the purpose of equalizing such assessment." This section was repealed by section 4, chapter 173, Acts Ninth General Assembly, which is in the following words: "Section 731 of said chapter forty-five is hereby repealed, and in place thereof it is enacted, that the board of supervisors of each county shall, at their meetings in January in each year, classify the several descriptions of property to be assessed for the purpose of equalizing

such assessment; and the clerk of said board shall, on or before the adjournment of said board, deliver to each member thereof as many certificates of such classification as there are assessors in his township, one of which shall be by him delivered on or before the fifteenth day of January of each year, to each of such assessors."

Still further legislation upon this subject is found in Chap. 89, of the Acts of the Thirteenth General Assembly, which provides as follows: "Section 1. The township trustees of each township shall constitute a board of equalization of assessment for their respective townships, and have power to equalize the assessment of the property liable to taxation in the township, substantially the same, so far as practicable, as is done by the board of supervisors between the several townships."

The second section provides for adding by the trustees to the assessor's roll any property omitted by him and the assessment of its value. The third section authorizes persons aggrieved by the assessment of their property to appear before the township board of equalization in order to have the proper correction made.

II. The object of these statutes is to secure equal taxation of all the people of the State. It is not in accord with justice that the inhabitants of one county should pay greater taxes than those of another. This would result if the value of the property in the counties did not correspond. To secure the end of equal taxation of the people of the respective counties of the State, the State Board of Equalization was created and clothed with the powers prescribed in the statute we have quoted. It will be observed that this board is authorized to equalize the assessment of lands alone.

It is also the policy of the law, founded on principles of justice, that equality of taxation should prevail among the inhabitants of a county to the end that the people should bear equal burdens in support of the government, and the same rule applies to the smaller political subdivisions of townships. To secure this equality the township board of equalization is established and

1. TAXATION: equalization of assessment: board of supervisors.

clothed with the powers and duties prescribed by the statute. But it is very plain that while these township boards may equalize the taxes as to the inhabitants of each township, yet there may be a want of equality under their action in the taxation of the people of the whole county. All the bank stock, for instance, owned by the taxpayers of Pella may be assessed at forty per centum of its par value, when in another township, fifty per centum may be the rate, and in still another the township board may fix it at sixty per centum. As between the taxpayers of each respective township these different rates of assessment would be equal, but as between the inhabitants of all, considered as taxpayers of the county, it would be unequal. The statute, in order to secure equality of taxation of the people of the whole county, clothes the board of supervisors with authority to equalize, make equal, the assessments of all the townships. The necessity of this provision and its intention are obvious. The respective statutes quoted above are in harmony and all must be sustained.

It appears that in the case before us the stock of banks held in the county, except in Pella, was assessed at sixty per centum of its par value. It is not shown that plaintiff's stock was not worth its face, and no such a claim is made, nor is it shown that bank stock held elsewhere in the county was worth more than plaintiff's. Here then is a case where the taxes should be made equal by either increasing plaintiff's assessment or diminishing the assessment of others holding like property. The supervisors were charged with this duty and it is not shown that they did not lawfully discharge it by increasing plaintiff's assessment.

The authority for equalizing the assessment is conferred upon the supervisors by Acts Ninth General Assembly, Chap. 173, § 4, and Rev., § 739. They are required by the first of these statutes to classify the property for the purpose of equalizing the assessment. The obvious purport of the section is that like property shall be put in the same class. Then the assessment, that is the value thereof, (*McCready v. Sexton & Son*, 29 Iowa, 356 (389)), shall be equalized; that is, property of that class in all parts of the county shall be assessed, valued,

at the same rate. The action under this section is had before the property is assessed by the assessor. If the assessment be unequal when made, it may be equalized under Rev., § 739. Under these provisions the board of supervisors acted; it is not shown that their act was not correct or beyond the exercise of their lawful discretion.

*Keck v. Board of Supervisors, etc.*, 37 Iowa, 547, is not in conflict with these views. In that case the township board of equalization reduced plaintiff's assessment and directed the assessor to correct his books accordingly, which he refused to do, and filed them without the correction with the auditor. It was not questioned that the equalization was properly directed by the township trustees, nor was it claimed that thereby the assessment was made unequal to the assessment of other property of the same class found in the county. We held that the order of the trustees ought to have been obeyed and ordered the correction of the assessor's book, and discharged the supervisors and rendered judgment against the assessor and township trustees. Nothing is found in the case against the authority of the supervisors to equalize the assessments after they have passed through the hands of the township trustees.

In our opinion the action of the defendants, the supervisors of the county, was authorized by law and they did not exceed their jurisdiction in any matter complained of by plaintiff. The judgment of the District Court is

AFFIRMED.