HARNEY ET AL. v. THE BOARD OF SUPERVISORS OF MITCH-
ELL COUNTY ET AL.

1. **Board of Supervisors:** TAXATION: EQUALIZATION. The Board of
Supervisors,has jurisdiction to increase or diminish the valuation of per-
sonal property in any town or township in the county, and may add or
deduct a given per centage to or from the assessed valuation.

*Appeal from Mitchell Circuit Court.*

THURSDAY, OCTOBER 5.

THE plaintiffs, being some twenty-six in number, filed their
petition in the court below praying for a writ of *certiorari*
against defendants, the supervisors, auditor and treasurer of
Mitchell county, alleging that at the June session, 1875, of
the board of supervisors, said supervisors exceeded their
jurisdiction as a board of equalization, by making an order
that twenty per cent be added to the valuation of all merchan-
dise, moneys and credits in the towns of Osage and Mitchell.
It is alleged that upon the assessment roll of the town of
Osage for the year 1875, there is assessed against each of these
plaintiffs one or more of the classes of property named in
said order. The prayer of the petition is that said order be
annulled, and that the taxes levied against plaintiffs be reduced
to a just and proper amount according to the original assessed
value. The writ of *certiorari* issued, and the return thereto
shows that the board did make an order " that twenty per
cent be added to the valuation of all merchandise, moneys,
credits and stocks in the city of Osage and the town of
Mitchell."

There was a demurrer to the petition which was overruled,
to which ruling exceptions were taken. Judgment was entered
against defendants, and they appeal.

*L. M. Ryce*, for appellants.

*D. W. Poindexter* and *Cyrus Foreman*, for appellee.

ROTHROCK, J.—The claim made in the petition is that the board exceeded its jurisdiction, and it will only be necessary to determine the ground of demurrer which raises that question. If there was jurisdiction, there is no doubt that the plaintiffs' remedy would be by an appeal, and not an original proceeding by *certiorari*. It is conceded by appellees that the board has the same jurisdiction to equalize the assessments of personal property as of real property, but it is insisted that the equalization must be by adding to, or subtracting from the aggregate valuation of all the property of a town or township, and that no power exists to interfere with any parts or classes of property. This precise question arose in the case of *Cassett v. Sherwood*, 42 Iowa, 623, and it is there held that the board of supervisors had power to add to the valuation of classes of personal property, taxable in each town or township. That was a case where the board increased the valuation of bank stock in the town of Pella, so as to equalize it with the valuation of the same class of property in other towns in the county.

By Sec. 829 of the Code, the township trustees, or town council of incorporated towns are made boards of equalization, as to individual assessments.

By Sec. 832, the county supervisors are required to equalize the assessments of the several townships, cities and incorporated towns of their county in June of each year, substantially as the State board equalizes assessments among the several counties.

Sec. 834 requires the state board, on the second Monday in July of each year in which real property is assessed, to equalize the valuation of real property, which shall be done by adding to, or deducting from the aggregate valuation of real property of the respective counties, the proper per centum necessary to equalize them.

Now it is insisted that as the county board is required to equalize in substantially the same manner as the state board, it can only be done by adding or deducting a proper percentage of the aggregate valuation of all property.

The answer to this is that the state board has no power

to equalize personal property, and by Sec. 821 of the Code, the board of supervisors are required each year to classify the several descriptions of property to be assessed, for the purpose of .equalizing such assessment. Now if, after having thus classified it, and after the assessments have been made and returned, the board believe that any class in any town or township is valued too high or too low, they may add or deduct the proper per centum, and this we believe would be substantially the same manner as the state board are required to equalize, considering that the latter has no power to add to or deduct from the valuation of personal property. The evident legislative intent in requiring the county board to equalize substantially in the same manner as the state board is, that the equalization may operate equally on the tax payers of the whole town or township owning property of the class affected by their action, by adding or deducting the proper percentum necessary to equalize it with the same property in the other towns and townships of the county.

Finding as we do that the supervisors did not exceed their jurisdiction in adding to all assessments of merchandise, moneys, credits and stocks in the city of Osage, and the incorporated town of Mitchell, we are to presume that the power was not erroneously exercised.  REVERSED.