ROYCE v. JENNEY ET AL.

1. **Taxation: EQUALIZATION: POWER OF SUPERVISORS.** The board of supervisors, as a board of equalization, has no authority to add property not assessed to the assessment roll or tax list, or to strike property therefrom duly assessed, its duties being limited to equalizing the value of property assessed by the proper officer.

2. ———: ———: CERTIORARI. Where the board has exercised powers not within its jurisdiction *certiorari* is the proper remedy for the tax payer aggrieved thereby.

*Appeal from Black Hawk Circuit Court.*

FRIDAY, APRIL 25.

CERTIORARI. The petition alleges that the board of supervisors of Black Hawk county, of which defendants are the members, illegally and in excess of its authority added to the assessment of moneys and credits of the city of Cedar Falls, for the year 1877, one hundred per centum, whereby plaintiff, who was assessed as a tax payer of said city by the assessor thereof, upon moneys and credits in the sum of seven hundred and fifty dollars, was charged upon the tax books of the county with taxes upon fifteen hundred dollars of moneys and credits. Upon findings of facts and law made by the court judgment was rendered for plaintiff. Defendants appeal.

*J. B. Powers* and *Boies & Couch*, for appellants.

*J. J. Tolerton* and *J. L. Husted*, for appellee.

BECK, CH. J.—I. The petition of plaintiff shows that he was legally assessed by the assessor of the city of Cedar Falls, for the year 1877, upon money and credits in the sum of seven hundred and fifty dollars; that such assessment was based upon a true statement of the property of plaintiff, and

was sworn to by him; and that the board of equalization of the city made no change in the same.

It is further alleged that the board of supervisors, acting as a board of equalization of the county, added to the assessment of the city of Cedar Falls, as returned by the assessor, one hundred per centum of the moneys and credits appearing thereon, thus doubling the taxation upon moneys and credits in the case of each tax payer; and that the board of supervisors, prior to the assessment of plaintiff, "failed to make a classification of moneys and credits among the descriptions of property to be assessed for the purpose of equalizing assessments of property."

The plaintiff charges that the act of the county board of equalization in changing the assessments is illegal and in excess of its authority.

The facts alleged in the petition, as above set out, were substantially found by the court to be established by the evidence, and thereupon judgment was rendered for plaintiff.

II. We are to inquire whether the county board of equalization has authority to change the assessment of money and credits lawfully made by the city or township assessor. The inquiry leads us to the consideration of the duties and powers of the several boards of equalization, township and county, as prescribed by law.

1. TAXATION: equalization: powers of supervisors.

1. The township or city board of equalization is charged with the duty of equalizing the assessment of all tax payers in the township or city. This is done "by increasing or diminishing the valuation of any piece of property or the entire assessment of any tax payer, as may be deemed just and necessary for an equitable distribution of the burden of taxation upon all the property of the township." Code, § 829. It appears that this board may not only increase or diminish the valuation of property, but may in a like manner increase or diminish the "entire assessment of any tax payer." This may be done by adding property owned by the tax payer, not

assessed, to the list, or by taking therefrom property assessed to him which he does not own. Code, §§ 830, 831.

2. The county board of equalization is charged with the duty of equalizing the assessment of the townships and cities, not of the tax payers. This is done by adding to or diminishing the *valuations* of property, so that the property assessed throughout the county may be uniformly valued. Code, §§ 832, 833. *Cassett v. Sherwood*, 42 Iowa, 623. It has no authority to add property not assessed to the assessment roll or tax list, or to strike property therefrom duly assessed. Its duties are none other than to equalize the value of property assessed by the proper officer. To secure this equal valuation the board of supervisors are required to classify taxable property for the direction of the assessors and township boards of equalization, and to aid the county board of equalization in the discharge of its duty. The action of the last-named board is upon classes of property, not upon the property of individuals, thus securing equality of value of all the property belonging to the same class.

In the case before us plaintiff was assessed upon seven hundred and fifty dollars of moneys and credits. This assessment indicated the number of dollars of money and credit upon which he was assessed, thus describing the quantity of the property called moneys and credits which he was found to possess subject to taxation. The language of the assessment is to be understood to mean the same as if it were used as applicable to other property. If plaintiff had been assessed upon seven hundred and fifty sheep and lambs, we would understand that the number used indicated the number of animals owned by him. So the seven hundred and fifty applied in this case to money and credits, indicates as a description the quantity of money and credits taxed. The fact that seven hundred and fifty dollars of money and credits are valued at seven hundred and fifty dollars, does not change the meaning of the language of the assessment.

The county board of equalization did not increase the

Royce v. Jenney.

valuation of the property assessed as money and credits, but increased upon the tax list the quantity of the property assessed. This the board had no authority to do. It cannot be claimed that an assessment upon seven hundred and fifty sheep and lambs could be increased by the county board of equalization to one thousand five hundred animals of the same description. It is equally clear that an assessment on seven hundred and fifty dollars of money and credits cannot be doubled, as the board attempted to do in this case.

It must be kept in mind that the property taxed as money and credits was not classified and valued at less than its real value. The amount of the assessment, therefore, could not have been increased without adding to the property assessed, and this the county board of equalization had no authority to do. Their act, therefore, being for that purpose and to that effect, was beyond their jurisdiction, and, therefore, void.

It will be observed that Code, § 832, differs from the corresponding section (739) of the Revision. The first named authorizes the equalization as between the several townships of the county; the other as between the persons, tax payers, as well as townships.

III. Defendants insist that plaintiff has mistaken his remedy, which should have been by appeal, and that *certiorari* will not lie. We need not determine whether under Code, § 831, an appeal will lie from the county board of equalization in a case within its jurisdiction. In a case not within its jurisdiction *certiorari* is the proper remedy. As in such case there is no validity in the judgment rendered by the board, for the reason that the subject-matter was beyond its jurisdiction, an appeal cannot be prosecuted, for it is intended to review proceedings had within lawful jurisdiction for the equalization of the valuation of property.

2. ———: ———: certiorari.

This conclusion is supported by the following cases : *O'Hare v. Hempstead*, 21 Iowa, 33 ; *Smith v. The Board of Super-*

*visors,* 30 Iowa, 531; *The State v. Roney,* 37 Iowa, 30; *Harney v. Board of Supervisors,* 44 Iowa, 203.

The judgment of the Circuit Court is

AFFIRMED.