GOOLD v. LYON COUNTY *et al., and nine other like cases.*

Taxation: TOWNSHIP BOARD OF EQUALIZATION: INCREASING ASSESS-
MENT OF LAND IN EVEN-NUMBERED YEARS. From a comparison of
various sections of the Code cited in the opinion, it is *held* that the
board of equalization of a township, town or city has no authority,
in the even-numbered years, to add to or change the assessed value of
real estate as established in the next preceding odd-numbered years,
in which alone such property is assessable; and where such change
was attempted, the collection of the additional taxes arising from
an increase of the assessed value was properly enjoined. [BECK, J.,
*dissenting.*]

*Appeal from Lyon District Court.*—HON. GEORGE W.
WAKEFIELD, Judge.

FILED, MARCH 9, 1888.

PLAINTIFF is the owner of certain real estate in the
town of Rock Rapids. The town was incorporated in
November, 1885. The real estate in the town was
assessed for taxation in that year by the assessor of the
township in which the town is situated; plaintiff's prop-
erty being assessed at eight hundred and forty dollars.
The town council, acting as a board of equalization, in
1886, assumed to equalize the assessment of the real
estate of the town. By their action, plaintiff's assess-
ment was increased to eighteen hundred and sixty-three
dollars, and those of the plaintiffs in the other cases were
also increased in various amounts. The assessor returned
this action of the council to the county auditor, who
carried the amount of the assessment as corrected onto
the tax-books for that year, and the taxes were then
entered on the basis of such assessment. Plaintiff
brought this action to restrain the collection of that
portion of the amount so entered which is in excess of
the sum which would accrue on the assessment as made
by the assessor in 1885. The district court entered a

decree in accordance with the prayer of the petition. Defendants appeal.

*Van Wagenen & McMillen, J. M. Parsons* and *S. K. Tracy*, for appellants.

*E. C. Roach* and *J. F. Eccleston*, for appellees.

REED, J.—A number of questions have been argued by counsel, which, in the view we take, are not material, and need not be considered in determining the case. The question on which the rights of the parties depend is whether the board of equalization has the power to equalize the assessment of real estate at any time except during the year in which the assessment is made. It is provided by statute ( Code, sec. 812 ) that "real estate shall be listed and valued in the year 1873, and each second year thereafter." The board of equalization is constituted by section 829 of the Code, and its powers and duties are defined by that and the following section. They have power to increase or diminish the valuation of any piece of property, or the entire assessment of any taxpayer, as they may deem just and necessary for an equitable distribution of the burden of taxation upon all the property of the township. They also have power to add to the assessment, as returned by the assessor, any taxable property in the township not included therein. It is provided by section 830 that said board shall meet for that purpose on the first Monday in April of each year, and continue from day to day until completed. If the question was to be determined from a consideration of this provision alone, it may be that its language is broad enough to warrant the construction contended for by appellants ; but, when it is borne in mind that personal property is to be listed and valued every year, it is apparent that the provision which requires the board to meet and act in each year is not necessarily conclusive of the question before us. And there are other considerations and provisions which we think are controlling. It is made the duty of the assessor to return to the county auditor, on or before the

Goold v. Lyon County.

third Monday in May of each year, one of the assessment books showing the assessment of the property of each taxpayer, after the same has been corrected by the township board of equalization. Code, sec. 825. The board of supervisors constitutes a county board of equalization, and, at the regular meeting in June of each year, they are required to equalize the assessment of the several townships, cities and incorporated towns of their county. Sec. 832. The executive council constitutes the state board of equalization. They are empowered to "add to the aggregate valuation of real property of each county, which they shall believe to be valued below its proper valuation, such percentage in each case as will raise the same to its proper valuation," and to "deduct from the aggregate valuation of each county, which they shall believe to be valued above its proper valuation, such percentage in each case as will reduce the same to its proper valuation." And they are required to meet for that purpose on the second Monday in July, in each year in which real property is assessed (sec. 834), and, after their work of equalization as between the counties is finished, the state auditor is required to transmit to the county auditor a statement of the percentage to be added to or deducted from the valuation of real property in his county. And it is the duty of that officer to add or deduct from the valuation of each parcel of real property in his county the required percentage. Sec. 836. And it is on the valuation as thus determined that the taxes are levied. It thus appears that the valuation of real property for purposes of taxation is not definitely and finally determined until the state board of equalization has acted; and when it has acted, and its action has been certified to the county auditors, the valuation thus established necessarily becomes the basis of taxation until another assessment and another equalization can be had. If it were otherwise, it would result that the equality of valuation, which the statute was intended to effect as between the counties by the action of the state board of equalization,

might be entirely destroyed, in the years in which real property is not assessed, by the action of the township boards. For, if they may change, add to or diminish the assessment in one individual case, they may in all others, and thus it might happen that the grossest inequality might be created in those years, for which, as the state board is by implication forbidden to take any action in those years, there would be no remedy. The present case affords a good illustration of the practical workings of the system, if the law is as claimed by appellants. There were four hundred and thirty individual assessments in the town, and of these, four hundred and six were changed by the action in question, and the aggregate amount of the assessments was affected to the amount of many thousands of dollars, and is sufficient to entirely destroy the equality created by the action of the state board in 1885 between that and the other counties of the state. It is entirely clear, we think, that the legislature never intended that such a result should be brought about. The fact that the state board is required to meet for the purpose of equalizing the assessments of real estate only in those years in which real property is assessed, shows conclusively that the intention of the legislature was that the valuation placed upon the property under their action should afford the basis for taxation during the biennial period.

We think the judgment of the district court is right, and it will be affirmed, and the same order will be made in each of the other cases.

AFFIRMED.

BECK, J., dissenting.