THE MISSOURI VALLEY & BLAIR RAILWAY & BRIDGE COMPANY v. HARRISON COUNTY.

1. **Taxation**: EXCESSIVE ASSESSMENT: REMEDY: FAILURE OF SUPERVISORS TO CLASSIFY PROPERTY. For an excessive assessment of property for taxation, the taxpayer's remedy is with the township board of equalization, and by appeal from the action of such board to the district court, if not satisfied with its action. (Code, secs. 829–831). The board of supervisors has no power to afford him relief. (See opinion for authorities cited.) And the fact that the board of supervisors has not classified the property in question, as it has power to do under Code, section 821, makes no difference.

2. ——: RAILROAD BRIDGES: BY WHOM ASSESSED: STATUTES CONSTRUED: CONSTITUTIONALITY. Under sections 808 and 1319 of the Code, all railroad bridges are to be assessed for taxation by the executive council, except those over the Mississippi and Missouri rivers, and they are to be assessed by the assessors of the local districts in which they are situated; and such construction does not render section 808 unconstitutional.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, MARCH 12, 1888.

THE plaintiff presented a petition to the board of supervisors at the June session, 1887, asking that the assessment of a railroad bridge across the Missouri river be reduced. The relief asked was refused, and the plaintiff appealed, and in the district court a supplementary petition was filed, asking the same relief. To this petition a demurrer was filed and sustained on the ground, substantially, that neither the court nor board of supervisors had jurisdiction of the subject-matter. The plaintiff appeals.

*Hubbard & Dawley* and *L. R. Bolter & Sons*, for appellant.

*J. A. Phillips* and *H. H. Roadifer*, for appellee.

SEEVERS, C. J.—This case can be best disposed of by considering the points relied on by appellant, and it will not be necessary to set out at length the pleadings. The bridge in question is across the Missouri river, and one-half thereof is conceded to be assessable in Iowa. The assessment was made by the assessor, at the proper time, early in 1887, such assessment being one hundred and ten thousand dollars; and the plaintiff claims it should not have been more than eighty-five thousand dollars. But the plaintiff failed to apply to the township board of equalization for a reduction or correction of such assessment.

I.   At most, the assessment was excessive; that is, on the plaintiff's theory, a greater value was placed on the bridge than should have been done.
1. TAXATION: excessive assessment: remedy: failure of supervisors to classify property. It is provided by statute that the township trustees constitute a board of equalization, and that they shall meet on a named day, and equalize the assessments in their respective townships by increasing or diminishing the valuation of any piece of property. Code, secs. 829, 830. The plaintiff was bound to know that its property had been assessed, and, if it felt aggrieved thereby, it had the right to appear before such board of equalization. If dissatisfied with the result, the right of appeal

existed. It may be conceded that the assessment was erroneous; that is, the value of the bridge was fixed by the assessor at more than it should have been; but this simply shows it to have been an overassessment, and in such case the remedy of the taxpayer is to apply for its correction to the township board of equalization. *Macklot v. City of Davenport,* 17 Iowa, 379; *Meyer v. Dubuque County,* 43 Iowa, 592. The taxpayer cannot, in such case, in the first instance, apply to the board of supervisors for relief, for the reason that such board only has the power to equalize the assessments between the several townships or other taxing districts in the county. Code, sec. 832. And this is the effect of the holding in *Cassett v. Sherwood,* 42 Iowa, 623; *Harney v. Supervisors of Mitchell County,* 44 Iowa, 203; and *Getchell v. Supervisors of Polk County,* 51 Iowa, 107; cited by counsel for appellant.

II. But counsel for the appellant contend that the board of supervisors have the power to classify the property in their county, and, as the board

THE SAME.

failed to do so as to the bridge in question, therefore the plaintiff was not bound to apply to the trustees in the first instance. It is said that such classification is made for the purpose of equalization. It is true, the board has the power to classify the property in the county for the purpose of taxation. Code, sec. 821. But the primary object of such classification is for the benefit of the assessor, and to the end that uniformity in the assessments in the different townships may be obtained. *Burnham v. Barber,* 70 Iowa, 87. But the statute cannot be regarded as mandatory. No penalty is attached if the board fails to do so, nor are there any negative words in the statute. Therefore it must be regarded as merely directory. Besides, a failure of the board in this respect, where an assessment is actually made by the assessor, could not possibly have the effect to give the board of supervisors the power in the first instance to correct the assessment between the individuals, for the reason that no such power is conferred on such board.

III.   It is contended that the bridge in question is part of a continuous railroad extending through Iowa and into the state of Nebraska, and is used exclusively for railroad purposes, and therefore the assessment must be made by the executive council.   The statute now in force providing for the assessment of the property of railroad companies was enacted in 1872.   Chapter twenty-six, Laws Fourteenth General Assembly, provides that railroad property shall be assessed by the census board (executive council), but section ten thereof is as follows:   "No provision of this act shall be held to apply to any railroad bridge across the Mississippi or Missouri rivers ; but such bridges shall be assessed and taxed on the same basis as the property of individuals." This statute, without material change, is now a part of the Code (secs. 1317–1322, inclusive) ; and section ten, above set out, now constitutes section 808 of the Code. The only difference between the statute passed in 1872 and the Code is one of form or arrangement only.   But it is clearly provided in the Code that the bridge in question shall be assessed and taxed on the same basis as the property of individuals.   It was clearly competent for the general assembly to so provide.   It is claimed that there is a conflict between sections 808 and 1319 of the Code.   The latter provides that the entire railway in the state, including bridges, shall be assessed by the executive council ; and section 808 provides in substance that the bridge in question shall be assessed by the assessor of the township.   As these two sections relate to the same subject, it is our duty to so construe them that both may stand, if this can be done consistently with the language employed.   The express provision of section 808 is that bridges across the Mississippi and Missouri rivers shall be assessed and taxed on the same basis as the property of individuals. The bridges, therefore, constitute a named class, and the word "bridges" in section 1319 must be construed to mean and include all other bridges which form a part of a railroad.   This, undoubtedly, is the proper

*2. ——: railroad bridges : by whom assessed : statutes construed : constitutionality.*

construction of the original act, and the different arrangement of the sections thereof in the Code will not warrant a change in the construction.

IV. It is further insisted that the construction we have adopted has the effect to make the statute uncon-

THE SAME.    stitutional, because it is therein provided that "all laws of a general nature shall have a uniform operation. The general assembly shall not grant any citizen or class of citizens privileges or immunities which, upon the same terms, shall not belong to all citizens." We believe at one time it was doubted by some whether so much of the statute as authorizes the executive council to assess railroad property was constitutional; but we think there is no doubt that section 808 of the Code is constitutional. It is of uniform operation, and does not grant any privileges or immunities to any person or corporation. All are placed on precisely the same plane. Besides this, we believe it to be true that, if all the statutes specifically providing for the assessment of railroad property should be declared unconstitutional, the general statutes relating to that subject would be applicable to the case in hand, and under such statutes the assessments would necessarily have to be made in the precise manner that was adopted in this case. Therefore, in no view that may be adopted can the assessment or taxation of the bridge be declared illegal or void.

The judgment of the district court is

AFFIRMED