MANSON LOAN & TRUST COMPANY, Appellee, v. H. W. HESTON *et al.*, Appellants.

**Taxation**: GENERAL INCREASE OF ASSESSMENT BY BOARD OF EQUALIZATION. Where, pursuant to the order of the board of supervisors, the different classes of property in a county have been assessed at a valuation of a uniform per centum of the actual cash value, the supervisors cannot afterwards, when sitting as a board of equalization, make a general increase in the assessment of a particular class of property, so as to make the per centum of the valuation of such class greater than the per centum of valuation of any other class.

*Appeal from Calhoun District Court.*—HON. J. P. CONNOR, Judge.

MONDAY, OCTOBER 12, 1891.

CERTIORARI to declare invalid the action of the supervisors of the county, as a board of equalization, in raising the assessments of moneys and credits made against the plaintiffs. The district court adjudged that the action of the defendants complained of is illegal, and without authority of law, and, therefore, null and void. The defendants appeal.—*Affirmed.*

*E. C. Stevenson* and *J. C. Kerr*, for appellants.

*O. J. Jolley*, for appellee.

BECK, C. J.—I.   The undisputed facts of the case
are these:   The board of supervisors, pursuant to the
requirements of Code, section 821, made a classification
of the assessable property of the county, specifically
designating certain classes of property and the values
to be assessed thereon, and entered an order that "all
other property, not herein enumerated, the assessors
shall assess according to value, in proportion to the
foregoing valuation, which is based upon fifty per
cent. of actual cash value." In obedience to this
order, the assessors assessed the plaintiffs, respectively,
upon money and credits, in a sum specified as to each.
Subsequently the supervisors, acting as a board of
equalization, for the alleged purpose of equalizing the
taxes, ordered, among other changes in the assess-
ments, that fifty per centum be added to all assess-
ments upon moneys and credits in all of the townships.
There were various changes made in the assessments of
other classes of property, in some instances increasing
and in others diminishing the assessed value; but it
does not appear that there was any purpose or effort to
increase the assessment of any other classes of prop-
erty beyond fifty per centum of the actual cash value
thereof, which the board of supervisors fixed as the rate
of assessment, and which we must presume was obeyed
by the assessors, and all assessments for money and
credits in each township were upon fifty percentum of
the value thereof.

II.   The action of the board of equalization in
increasing the assessments upon money and credits did
not, and could not, equalize the assessments upon that
class of property; for it was equally assessed in each
township. Neither could that action have effected an

equalization of the taxes as between other classes of property and moneys and credits, for, as we have shown, we must presume the other classes were assessed at fifty per centum of their actual value, and, as is shown by the record, moneys and credits were assessed at the same rate. The assessments as to the various classes, including moneys and credits, were equal until the change by the board of equalization made an inequality by adding to the assessments of moneys and credits fifty per centum. The action of the board of equalization could not have been had with the purpose of equalizing an inequality, for none existed; but it was clearly had, if not for the express purpose, surely with the certain result, plainly to be foreseen, of creating an inequality in the assessments on money and credits when compared with other classes of property.

III. The jurisdiction of the board of equalization extends no further than to authorize it to equalize assessments. It did not authorize the changing of the assessment roll so as to cause inequalities. Its act, therefore, in this case, in increasing the assessments of the plaintiffs, was illegal, and beyond its jurisdiction, and must be declared void. It is not a case in which the board erred in the exercise of its lawful discretion, for, as we have said, it had no jurisdiction to do any act the necessary result of which would cause inequality as to the assessments of various classes of property, and could exercise no discretion leading to that result.

IV. Counsel for the plaintiffs insist that the change in the assessment operated to add to the assessment roll property not before assessed. This is probably not a correct view. The assessment represented the value of the property assessed. Money and credits were, under the order of the board, assessed at fifty per centum of their actual value, so that an assessment of five hundred dollars was in fact upon one thousand dollars of money. The addition of fifty per cent. to

the assessment did not increase the money assessed, but only increased its assessable value. But whether this view or the view of counsel be correct, it is very plain that the addition of the fifty per centum to the assessment of the plaintiffs on moneys and credits created an inequality where none before existed, or, if an inequality did exist, it was increased by the unlawful acts of the board of equalization complained of by the plaintiffs.

The disposition we make of this case renders the consideration of a motion to affirm unnecessary. The decision of the district court is AFFIRMED.