J. W. McCutchen, *et al.*, Appellants, v. Board of Supervisors of Lyon County.

**Equalization of Taxes:** County Board. Under Code, section 821, providing that the board of supervisors shall, at their meeting in January in each year, classify the several descriptions of property to be assessed, and shall deliver to each assessor on or before January 15, a certificate of such classification, a classification made at the regular session in June is illegal.

**Same.** Under Code, section 832, providing that the board of supervisors shall equalize the assessments of the several townships, cities, and incorporated towns of their county at their regular meeting in June in each year substantially as the state board equalizes assessments, and section 834, providing that the state board of equalization shall equalize the valuation of said property among the several counties and towns, by adding to or taking from the aggregate valuation of real property of each county such percentage as will raise or reduce the same to its proper valuation, an order raising the valuation of all farm lands in one town one hundred per cent. above the valuation of other farm lands in the county is void.

*Appeal from Lyon District Court.*—Hon. A. Van Wagenen, Judge.

Thursday, May 23, 1895.

Certiorari to review the action of the defendant board in raising the assessment on farm lands of tracts of more than ten acres, situated within the limits of the incorporated town of Rock Rapids. Plaintiff McCutchen brought the action, and other owners of like lands were permitted to intervene and join with the plaintiff in his demands. Defendants demurred on several grounds, which, in effect, are that the petitions on their face show that the defendant board had jurisdiction to act as alleged, and that plaintiff and interveners are not entitled to the relief demanded. The demurrer was sustained, and, plaintiff and interveners electing to stand upon their petition, judgment was entered dismissing the same, with costs, from which judgment they appeal.—*Reversed.*

*E. Y. Greenleaf* for appellants.

*J. M. Parsons,* county attorney, for appellees.

Given, C. J.—I. The petition shows that plaintiff and interveners each own certain tracts of farm land of more than ten acres within the incorporated limits of the town of Rock Rapids; that for the year 1893 said tracts of land were severally assessed for taxation by the assessor of said town in sums named, and returned, after being reviewed by the trustees of said town, acting as a board of equalization; that the defendant board did not, at its January, 1893, meeting, or at any other time in said year, classify any real property, and never made any distinction between town lots and farm lands by any classification; that at its regular session in June, 1893, said defendant board made an order "raising the assessment of all farm lands inside of the limits of the incorporated town of Rock Rapids, Iowa, one hundred per cent. above the

valuation fixed by the assessor and board of equaliza-
tion of said incorporated town; that no other real estate
within the assessorial district of said town was by said
board raised or changed." It is alleged that by said
order said farm lands are assessed one hundred per
cent. higher than any other farm lands in the county.
The only question discussed is whether the defendant
board had jurisdiction to make said order.

Of the powers conferred upon boards of super-
visors we are called upon to notice two, namely, the
power to classify property for the purpose of assess-
ment, and the power to equalize assessments. Section
821 of the Code provides that they "shall, at their meet-
ing in January in each year, classify the several descrip-
tions of property to be assessed, for the purpose of
equalizing such assessments." The section further
requires that the auditor shall deliver to each assessor
"on or before the fifteenth day of January of each year,
a certificate of such classification." The purpose of
this classification is that like property shall be put in
the same class. *Cassett v. Sherwood*, 42 Iowa, 623. It
is for the guidance and benefit of the assessor. *Mis-
souri Val. & B. Ry. & Bridge Co. v. Harrison Co.*, 74
Iowa, 283. The purposes of classification require that
it precede the assessment, and hence the requirement
that it be made in January of each year. It is ques-
tioned whether county boards have authority to class-
ify real estate, but this we do not determine, as it is
clear that the order in question was not made under
authority of said section 821. The power to equalize
assessments "by increasing or diminishing the valua-
tion of any piece of property, or the entire assessment
of any tax-payer," is vested in township trustees and
city councils. Code, section 829. Section 832 of the
Code is as follows: "The board of supervisors shall
constitute a county board of equalization, and shall

equalize the assessments of the several townships, cities and incorporated towns of their county, at their regular meeting in June of each year, substantially as the state board equalizes assessments among the several counties of the state." Section 834 requires the state board of equalization "to equalize the valuation of real property among the several counties and towns" by adding to or taking from the aggregate valuation of real property of each county such percentage in each case as will raise or reduce the same to its proper valuation. The county board must equalize the assessments of townships, cities, and towns substantially as the state board equalizes assessments among the several counties, which is by adding to or taking from "the aggregate valuation of real property." 2   The order in question does not add to the aggregate valuation of the real property in Rock Rapids, but to a part thereof, the part used for a particular purpose,—farm lands. It is not substantially as the state board equalizes assessments. With the same propriety might the county board add to the valuation of business property or residence property, or to the real property in a particular part of the assessorial district. In *Getchell v. Supervisors,* 51 Iowa, 107, it is held that a county board has no authority to increase the assessments on the real property in a part of an assessorial district. In *Cassett v. Sherwood, supra,* the county board had classified bank stock and moneys and credits to be assessed at sixty per centum of par value. The township board reduced the assessment to forty per centum, and this court held that the county board had jurisdiction to raise it to the amount previously ordered. *Harney v. Board,* 44 Iowa, 203, is relied upon by appellees. In that case the defendant board had classified merchandise, moneys, and credits for purposes of assessment, and thereafter

ordered that twenty per cent. be added to the valuation of all merchandise, moneys, and credits in the towns of Osage and Mitchell. It was held that they had jurisdiction to so order as to that classification of property. It will be observed that in these cases the board acted upon a classification which it was authorized to and had previously made. In *Trust Co. v. Heston*, 83 Iowa, 377, the county board had classified the assessable property of the county, and designated values to be assessed thereon. In obedience to this order, the assessor assessed the plaintiffs respectively, upon moneys and credits, in the sum specified as to each. Subsequently the county board added fifty per centum to all assessments upon moneys and credits in all the townships. This court held that as this did not equalize the assessments upon that class of property, it being already equally assessed, the action was unauthorized. In *Goold v. Lyon Co.*, 74 Iowa, 95, it was held that the board of townships, towns, or cities have no authority, in the even-numbered years, to add to or change the assessed value of real estate as established in the next preceding odd-numbered years. We have referred to these cases because they are cited, but we think it will be seen that they are not controlling on the question under consideration. If county boards may classify real estate and equalize assessments upon the basis of such classification, we have seen that in this case there was no such classification. Having in mind the purpose of classification, it is clear that they must be made at the time fixed; surely it cannot be after assessment. According to the allegations of the petition this order increased the assessed valuation of the lands under notice "one hundred per cent. higher than any other farm lands in Lyon county." The order was made without any classification upon which to base it. It was not, according to the petition, an equalization of the assessments in the assessorial district, nor upon farm lands, and was not "sub-

stantially as the state board equalizes assessments." We think the petition shows that the defendant board did not have jurisdiction to make the order in question, and that defendants' demurrer should have been overruled.—*Reversed.*