SHEAKLEY & KENNEDY BROTHERS et al., Appellants, v. BOARD OF REVIEW OF CHICKASAW COUNTY et al., Appellees.

**TAXATION:** Equalization—Power of Board of Review—Merchandise as a Class. The board of supervisors, acting as a county board of review, has authority, in equalizing assessments, to increase or diminish the valuation of stocks of *merchandise as a class* among the several assessment districts of the county. (Sec. 1375, Code, 1897; Sec. 1360, Code Supp., 1913.)

*Appeal from Chickasaw District Court.*—A. N. HOBSON, Judge.

SATURDAY, DECEMBER 16, 1916.

THIS is a proceeding in certiorari brought in the district court of Chickasaw County by Sheakley & Kennedy Bros. and thirty-six others as plaintiffs, against the county board of review of that county, to test the authority of said board of review to make certain changes in the assessment of merchandise in certain of the cities and towns in said county, and to annul and set aside the action of said board in changing said assessments. All the plaintiffs are merchants affected by the change in said aggregate assessment. Defendants demurred to the petition, which was sustained by the court, and judgment was entered against plaintiffs for costs. They appeal.—*Affirmed.*

*Smith & O'Connor,* for appellants.

*F. B. Shaffer,* County Attorney; *M. E. Geiser,* for appellees.

PRESTON, J.—The petition alleges, in substance, that each of the plaintiffs is either an individual, partnership or

corporation, and is a resident and taxpayer of said county; that some of the plaintiffs are owners of stocks of merchandise in New Hampton, some in Ionia, some in Bassett, and some in Alta Vista; that all are merchants and owners of stocks of merchandise, and adversely affected by the action of defendant complained of in said action; that, at the June, 1915, session, the said board of supervisors, acting as a county board of review, increased the assessment of merchandise in the towns before mentioned. The petition sets out a copy of the record of the board, which embodies the action complained of, and it is as follows:

TAXATION: equalization: power of board of review; merchandise as a class.

"The board of supervisors met at 8:30 A. M., all members present. The work of adjusting assessments of the several districts of the county was taken up, and the following changes in valuation ordered: New Hampton, corporation, merchandise increased 50%; Ionia, corporation, merchandise increased 25%; Bassett, corporation, increased 50%; Alta Vista, corporation, merchandise increased 25%."

The demurrer was on substantially the following grounds: That the statutes of Iowa authorize the defendants to do the acts and things of which plaintiffs complain, and that defendants were acting within their proper and lawful authority, and had jurisdiction of the matters complained of. The question raised by the assignments of error is whether the defendant county board of review had authority to raise the merchandise assessments in question. As said, appellee's contention is that the statutes of the state authorize the board of supervisors, sitting as a board of equalization, to make an adjustment and equalize the valuation of merchandise as a class among the several assessment districts. It is contended by appellants, and they cite authorities to sustain their propositions, that the county board is a statutory tribunal, having only the powers expressly conferred by statute; that the board cannot increase or diminish the valuation of any particular class of property except where it is authorized by

statute so to do. As we understand it, appellees concede
the points just mentioned. It is thought by appellants that,
under the provisions of the statute defining the duties and
powers of the county board of review, there is no direct ref-
erence to an adjustment according to classes of property,
and that there is no authority given to make any classifica-
tions. Section 1375 of the Code of 1897 provides:

"The board of supervisors shall constitute a county board
of review, and shall adjust the assessments of the several
townships, cities and towns of their county . . . and add
to or deduct from the assessed value of the property sub-
stantially as the state board adjusts assessments of the sev-
eral counties of the state."

Section 1377, Code, requires each county auditor to make
out and transmit to the auditor of state an abstract of the
real and personal property in his county, in which he shall
set forth, among other things, the aggregate actual and tax-
able values of personal property, the number and value of all
animals as the same are returned by the assessor, showing
the aggregate actual and taxable values and number of each
kind or class, and such other facts as may be required; and
then Code Section 1379 provides:

"It (the state board of review) shall adjust the valuation
of property of the several counties, adding to or deducting
from the valuation of each kind or class of property such
percentage in each case as will bring the same to its tax-
able value," etc.

It is contended by appellants that it is not the duty of
the county board to equalize as to individuals, but they con-
cede that the law seems to authorize the county board to
interfere by an adjustment by classes to the extent indicated
by Code Section 1377, before set out. The statute provides
that all property shall be valued at its actual value for the
purposes of assessment. It is, of course, the duty of the offi-
cer making the assessment to fix the actual values of the dif-
ferent property which is listed for assessment. But the asses-

sor may, through an error in judgment, place an improper valuation on some of the property, and in that way the burdens of taxation would be inequitably distributed. Stocks of merchandise of the same actual value in one town might be given by one assessor in one town or assessment district at a certain rate, and like property in another township at a different rate. In order to correct inequalities among individuals of an assessment district, a local board of review is provided to adjust and equalize the assessment among the individuals. This is final, of course, unless an appeal be taken. But the lawmakers evidently further realized that inequalities might also occur among the different assessment districts; and, in order to equalize assessments among them, the boards of supervisors of their respective counties are authorized, we think, under the statutes before given, to make adjustment and equalization among the different assessment districts within the county. And Section 1318, Code, 1897, states the manner of assessing merchants for stocks of merchandise. Section 1360 of the Code Supplement, 1913, places the merchandise in a separate class. Code Section 1376 authorizes an appeal from the action of the county boards in making equalization among the several assessment districts. Appellees argue that, under Section 1375, before referred to, and Section 1360 of the Supplement, and the authority of *Harney v. Board of Supervisors,* 44 Iowa 203, and *Cassett v. Sherwood,* 42 Iowa 623, that the defendant board had authority to increase or diminish the valuation of merchandise as a class among the several assessment districts for the purpose of equalization. The trial court so held, and in this view we concur. It is true that there may be some difference between the statutes in force when those two cases were decided, but appellees contend that the substance, at least, of such statute, to wit, Section 821 of the Code of 1873, has been re-enacted in Section 1360 of the Supplement to the present Code. Though there may be some difference between

the old statute and the present one, we think the cases cited
are authority. Section 821 of the Code of 1873 provided that
the board of supervisors should make a classification of the
different kinds of property within the county for the guid-
ance of the assessors of the different districts, and for the
further purpose of fixing a basis upon which an adjustment
and equalization could afterwards be made by it. It was
held in the *Cassett* case that the purpose of the provisions of
said Section 821 was that like property shall be put in the
same class. In *Missouri Valley & B. R. & B. Co. v. Harrison
County*, 74 Iowa 283, at 285, it was said that the primary
object of such classification is for the benefit of the assessor,
and that the statute, Section 821, before referred to, is not
mandatory. The purpose and intent of Section 1360 of the
present Supplement is substantially the same as that of Sec-
tion 821 of the Code of 1873, for the reason that the classi-
fication which was required to be made by the board under
Section 821 was carried out in detail, and is embodied in
Section 1360 of the present Supplement. The classification
as set forth in Section 1360 and amendments places stocks
of merchandise in a class by themselves, and fixes a basis upon
which the county board may act. This being so, the *Cassett*
and *Harney* cases are authority. In the instant case, there
is no claim that the assessments in controversy are fraudulent
and no contention that the assessments are excessive. The
resistance to such assessments is that the county board of
review exceeded its power, and had no jurisdiction to act
in the matter. But we think the defendant board, sitting
as a board of equalization, had jurisdiction and authority to
adjust and equalize the valuation of stocks of merchandise
among the several assessment districts within the county, in
the manner in which the equalization was made. This being
so, it follows that the action of the district court sustaining
the demurrer was right.

Some other questions are argued, but the points suggested

are decisive of the case, and it is unnecessary to discuss other points. The judgment of the district court is, therefore—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.