## POWERS v. BOWMAN.

1. **Taxation:** ASSESSMENT: EQUITABLE JURISDICTION. A court of equity will not interfere to correct an erroneous assessment, and enjoin the collection of taxes thereon.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, APRIL 21.

ACTION in equity to restrain the defendant, who is county treasurer, from collecting certain taxes. Upon a trial the court below made the following special findings of fact:

" 1.   That in the year 1877 (and for a long time prior thereto)

the plaintiff was a resident of the city of Council Bluffs, and a tax-payer.

"2. That in the year 1877 plaintiff was assessed by the assessor, at the time provided by law; that the assessor applied to plaintiff to assist him in making out a list of his property, subject to taxation; that plaintiff did make out a list which he then claimed was a true list of all property owned by him, which was subject to taxation for said year.

"3. That plaintiff, at the time, made oath as required by law that the list so made out by him was a full and correct inventory of all property owned by him, and of all property which by law he was required to list.

"4. That at the time of such listing plaintiff was the owner of notes and mortgages amounting in value to the aggregate of $18,000.

"5. That in the year 1869 plaintiff had given to his wife a promissory note for $15,000, bearing interest at two per cent, no part of which had been paid at the time of said assessment; said note becoming due in 1880, and having been assigned by plaintiff's wife to Jno. W. Clark before the assessment, but such assignment was voluntary.

"6. That said note was given by plaintiff to his wife for the purpose of settling her interest in their property, and was given at a time when she was in poor health, and not expected to live long, it being her desire at the time the note should be given to her, so that in case of her death it should descend to her heirs, the parties having no children, and there was no other consideration for said note.

"7. Plaintiff's wife was still living at the time of the assessment.

"8. Said note, with certain small amounts which plaintiff then owed to other parties, about equalled the amount of his moneys and credits, at the time, and no moneys or credits were included in the list made out and sworn to by plaintiff.

"9. After the said list had been made out, sworn to, and delivered to the assessor by plaintiff, the assessor, without

plaintiff's knowledge or consent, added thereto $10,000 as moneys and credits, and plaintiff had no knowledge of such addition until after the meeting for that year of the board of equalization, and he made no application to the board of equalization, to have any correction of his assessment made.

"As a conclusion of law from these facts the court finds that it has no jurisdiction to grant the relief which plaintiff seeks."

From the decree dismissing the bill the plaintiff appeals.

*Sapp, Lyman & Ament*, for appellant.

*Scott & Hight*, for appellee.

ROTHROCK, J.—Neither party excepted to the findings of fact made by the court. The single question necessary to be determined in this case is, will equity interfere to correct an over assessment, and enjoin the collection of taxes thereon. It was held by this court in *Macklot v. The City of Davenport*, 17 Iowa, 379, that where taxes are erroneously assessed the remedy of a party is by application to the board of equalization for a correction of the error, and that such remedy is exclusive. That case has been followed by numerous decisions of this court running through a period of sixteen years. The latest utterance upon the subject is *Nugent v. Bates*, 51 Iowa, 77. In *Macklot v. The City of Davenport*, and other cases, a distinction is made between a tax erroneously or irregularly levied, and a tax imposed upon property exempt therefrom, or under an unconstitutional law, or the like. In the latter class of cases it is held that equity will interfere, because the levy of the tax is void, being made without authority of law, and hence without jurisdiction to make the levy. Counsel for appellant contends that the case at bar should be held as belonging to the latter class. But we cannot so regard it. It is in all its essential facts like *Macklot v. The City of Davenport*. It is said it is unlike that case because in the case at bar the plaintiff assisted the assessor, and made affidavit to the correctness

1. TAXATION: assessment: equitable jurisdiction.

of the list, and that the assessor had no authority afterward, and without plaintiff's knowledge, to insert the amount in question. But the assessor after the making of the list by the plaintiff learned the fact that he was the owner of $18,000 in mortgages. We think if he corrected the list his act was not, to say the least, void. The statute nowhere requires the assessor to accept the list and oath of the party assessed as true. If he has reason to believe the list is not correct he may correct it, and if in error his correction is not void.

The rule in *Macklot v. The City of Davenport*, as applied in some cases, is a harsh one, but it has been followed too often, and too long, to be now questioned. It must not be understood, however, that we deem the rule to be oppressive in this case, for we doubt very much whether the note given to the wife, at a nominal rate of interest and without consideration, for the purpose of "settling her interest in their property," should be regarded as a debt in good faith owing by him, and founded on actual consideration within the meaning of section 814 of the Code.

AFFIRMED.