Barber v. Farr.

AFFIRMED.

## BARBER v. FARR ET AL.

1. **Taxation**: VOID ASSESSMENT: EQUITABLE JURISDICTION. The taxation of moneys and credits in a county other than the one in which the owner resides is without authority and void, and the owner is not required to appear before the board of equalization to have the assessment annulled, but may maintain an action in equity to enjoin the collection of the tax.

*Appeal from Fayette District Court.*

TUESDAY, JUNE 15.

IT is averred in the petition that in the year 1877 the assessor of Jefferson township, Fayette county, assessed to the plaintiff the sum of $9,300, as moneys and credits; that said assessment was made unlawfully and maliciously, and without plaintiff's knowledge; that at the time said assessment was made, and for several years prior thereto, the plaintiff was a resident of the county of Bremer, and was not absent therefrom except on business; that all of plaintiff's personal property during said time was in the city of Waverly, in Bremer county, and in the city of Independence, in Buchanan county; and the plaintiff assisted the assessors in said cities in listing all property subject to taxation for the year 1877 in this State of which plaintiff was the owner, or of which he had control; that plaintiff did not know that any tax was assessed against him in Fayette county until the year 1878; and that as soon as he learned of said illegal and fraudulent assessment he made application to the board of

supervisors of Fayette county to abate said tax, which application was refused; that the defendant Whitmore, treasurer of said county of Fayette, in March, 1878, pretended to sell a certain judgment and decree of foreclosure which was of record in Fayette county, and owned by plaintiff, in order to collect said tax, and did sell the same to the defendant Thomas L. Green, for the sum of $276; the amount of said judgment and decree being over $3,000; that Green caused special execution to issue upon the land upon which said judgment is a special lien, and the defendant Farr as sheriff was proceeding to subject said land to sale in payment of said judgment; that said Whitmore, treasurer, has garnished certain parties who are indebted to plaintiff, and has notified them not to pay their indebtedness to plaintiff. The prayer of the petition is that the collection of said tax be enjoined, and said illegal tax be declared void, and the sale of the judgment to Green be set aside, and for general relief. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*Lake & Harmon*, for appellant.

*Ainsworth & Hobson*, for appellees.

ROTHROCK, J. The plaintiff's moneys and credits were assessable and taxable at the place of his residence. An assessment at any other place was illegal and void. It is claimed by counsel for appellee that plaintiff should have appeared before the board of equalization and had the erroneous assessment abated. But if that position is correct, a tax-payer would be required to take notice of the assessments made by every assessor in the State to see that he is not improperly assessed. The law imposes upon the tax-payer no such unreasonable requirement.

1. TAXATION: void assessment: equitable jurisdiction.

When a tax is levied without authority of law upon property exempt from taxation, or under an unconstitutional

statute, or the like, equity will entertain jurisdiction and enjoin the collection of the tax, and the jurisdiction of the board of equalization is not exclusive. *Powers v. Bowman,* 53 Iowa, 359; *Smith & Funk v. Osburn,* Id., 474.

In the case at bar the assessment was not merely irregular and erroneous, as being excessive, or the like. It was an assessment made without authority of law against property not liable to taxation in Fayette county. It was, therefore, void, and the treasurer had no power to collect it. The demurrer should have been overruled.

REVERSED.