Remey v. Board of Equalization of Burlington.

JUDGMENT FOR PLAINTIFF.

REMEY V. THE BOARD OF EQUALIZATION OF CITY OF BURLINGTON.

1. **Certiorari:** RETURN TO WRIT: TIME FOR MAKING: LIMITATION: Section 3224 of the Code, providing that no writ of *certiorari* shall be granted more than twelve months after the action alleged to have been illegal was taken, does not require that return to the writ be made within that time.

2. ———: DEFECTIVE SERVICE: WAIVER BY APPEARANCE. Where a writ of *certiorari* was directed to the mayor, city council and clerk of defendant, but was served on the mayor and clerk only, the defect in service, if any, was cured by the subsequent appearance and return made by the members of the council.

3. **Taxation:** DOMICILE: EVIDENCE. On *certiorari* to correct the proceedings of the defendant's board of equalization in assessing plaintiff on account of her moneys and credits,—she claiming to be no longer a citizen of Iowa, but of the District of Columbia,—the evidence is considered (see opinion), and *held* sufficient to justify the district court in sustaining her claim. The findings of fact by the court in such a case stand as the verdict of a jury. (See Code, sec. 3223.)

4. ———: RAISING ASSESSMENT UPON EQUALIZATION: REMEDY: CERTI-
ORARI OR APPEAL. Where there is jurisdiction to assess, and the
board of equalization makes an erroneous or excessive assessment,
the remedy of the taxpayers is by appeal, and not by *certiorari ;*
but where there is no jurisdiction to make any assessment, as in
this case, where the board assessed plaintiff on her moneys and
credits after she had removed her domicile from the state of Iowa,
*held* that *certiorari* was the proper remedy. (See opinion for
cases cited.)

*Appeal from Des Moines District Court.*—HON. C. H.
PHELPS, Judge.

FILED, JUNE 3, 1890.

PROCEEDING by *certiorari* to have set aside the
assessment of certain personal property, and taxes
levied thereon. There was a trial by the court, and a
judgment in favor of plaintiff. The defendant appeals.

*Seerley & Clark*, for appellant.

*P. Henry Smyth & Son* and *Power & Huston*, for
appellee.

ROBINSON, J.—The plaintiff is a native of the city
of Burlington, and resided therein until the year 1884.
In October of that year, she left Iowa, and has since
that time resided with her husband, who is a naval
officer in the navy-yard at Washington, D. C., and
at Norfolk, Virginia. In May, 1888, the defendant
appointed an advisory committee on the equalization of
assessments. On the eleventh day of the same month
the committee made the following report: "Your
advisory committee recommend that the following
assessments be increased as indicated. * * * Mary
J. Remey, nothing to twenty thousand dollars." At
an adjourned meeting, held on the twenty-first day of
the month, to consider the proposed changes in assess-
ments, the plaintiff appeared by attorney, and objected
to the proposed increase in her assessment on the

ground that she was not a resident of Iowa, but of Virginia. Her objection was supported by an affidavit as to her alleged place of residence. Her objection was disregarded, and her assessment was increased as recommended by the committee. The petition in this case was filed on the fourteenth day of July, 1888, and the writ was issued, and on the sixteenth day of that month was served on the mayor and clerk of the city of Burlington. On the twenty-sixth day of December, 1888, the defendant appeared generally, and demurred to the petition on the ground that, although it alleged that plaintiff had abandoned the city of Burlington as a residence, with no intention of returning thereto, it did not show that she had acquired a residence elsewhere. On the nineteenth day of January, 1889, the clerk filed the proceedings of defendant, so far as they relate to the matter in controversy. February 11, 1889, defendant asked leave to withdraw the demurrer, and asked for one week in which to file an answer. On the thirty-first day of May, 1889, the mayor and clerk made return to the writ, showing the proceedings of the board, but alleging that they were not members of it. On the same day they filed a motion to dismiss the proceedings, on the ground that they were not members of the board of equalization, but were the only parties served with the writ, and on the further ground that the remedy of plaintiff was by appeal, and not by *certiorari*, for the reason that the board had acted within its jurisdiction. The motion was overruled, and the members of the council of the city of Burlington for the year which commenced in March, 1888, filed a return to the writ. The return alleged that none of the members of the council had been served with the writ, or any notice of this proceeding, and that the proper remedy of plaintiff was by appeal, and not by *certiorari*. The proceedings of the board were set out in the return. The court found that on the first day of January, 1888, and for a long time prior thereto, the domicile of plaintiff was in the city of Washington, and that defendant had no jurisdiction to make the assessment in question. It

Remey v. Board of Equalization of Burlington.

was declared void, and the collection of taxes thereon was prohibited.

I. Appellant contends that the court had no jurisdiction to try the cause, for the reason that, while the writ was directed to the mayor, city council and clerk of the city of Burlington, it was only served on the mayor and clerk, and, therefore, that jurisdiction of the board of equalization was not acquired; that, as the board did not make return to the writ until after the expiration of one year from the time the action of the board complained of was taken, such return did not confer jurisdiction. Section 3224 of the Code provides that no writ shall be granted more than twelve months after the action alleged to have been illegal was taken; and it may be conceded, for the purposes of this case, that the writ could not be issued after that time by agreement of parties. But the writ was issued in this case in due time. Its purpose was to bring the defendant into court, and compel a proper return thereto. The defendant entered an appearance to the proceeding before the expiration of the twelve months specified in the statute. The members of the council, it is true, made their return after that time. But it is not required that the return be made within the time aforesaid. We think the defects in the writ, and in the service thereof, if any, were cured by the subsequent appearance of the necessary parties. See *Richman v. Board of Supervisors*, 70 Iowa, 629.

*1. CERTIORARI: return to writ: time for making: limitation.*

*2. ——: defective service: waiver by appearance.*

II. It is insisted by appellant that the evidence does not show that plaintiff has acquired a domicile since she left Iowa, in 1884, and that, under the admitted facts of the case, the burden is on her to show that she had a domicile outside the state on the first day of January, 1888. The action is to be prosecuted by ordinary proceedings, so far as applicable, and an appeal lies as in other ordinary actions. Code, sec. 3223. The findings of fact of the district court, therefore, must stand as the verdict of a

*3. TAXATION: domicile: evidence.*

jury. The evidence authorized the court to find that plaintiff removed from this state in October, 1884, without any intention of returning thereto; that she has actually resided in Washington and Norfolk since that date; that her residence at Norfolk has been, and is, temporary, and was caused by the fact that her husband has been stationed there a part of the time since she left Iowa; that in April, 1886, plaintiff was residing with her husband at the navy-yard at Washington, and at that time they decided to make that city their permanent home; and from that time have constantly adhered to the decision then formed. Plaintiff still owns her former home in Burlington, and has some furniture stored therein; but she has not used it, nor has she been in Burlington, since she left, in 1884. We conclude that the finding of the district court, as to residence, has ample support in the evidence.

III. It is contended that plaintiff should have sought her remedy by appealing from the action of defendant of which she complains, and not by *certiorari*. In the case of *Macklot v. City of Davenport*, 17 Iowa, 380, the assessor had increased the assessment of plaintiff by adding thereto the sum of ten thousand dollars for moneys and credits. It was held that the remedy of plaintiff was by appeal. The doctrine of that case was approved in *Nugent v. Bates*, 51 Iowa, 77, and *Powers v. Bowman*, 53 Iowa, 359, but in each case the property-owner was a resident of this state. In the *Macklot case*, it was said there was no question as to the jurisdiction and authority of the city to tax the money and credits of the plaintiff after deducting the gross amount of the *bona-fide* debts owing by him, and it was found to be a case of over assessment. But it was said that there is a clear distinction between a case of erroneous or over assessment, and a case of assessment without authority, as one made under an unconstitutional law, or one made of property exempt from taxation, or one of property for the assessment of which

4. ——: raising assessment upon equalization: remedy: certiorari or appeal.

the law has made no provision. That distinction was recognized in *Powers v. Bowman, supra.* In this case it was conceded of record, although not shown by the pleadings, nor by the proceedings of defendant, that plaintiff was assessed two hundred and fifty dollars on account of household and kitchen furniture. The correctness of that assessment is not in any manner involved in this appeal. The fact that such assessment was made on account of property within the state did not give defendant jurisdiction to assess other property, and especially property not claimed to be within the state, in fact. It is not a case where the board, having jurisdiction to assess the personal property of a person by reason of his residence, errs in making the assessment too large. In *Barber v. Farr,* 54 Iowa, 57, the plaintiff had been assessed in Fayette county for moneys and credits, although at the time he was a resident of the county of Bremer. This court held that the property in question was assessable and taxable at the place of the owner's residence, and that an assessment elsewhere was void. It further held that the assessment was not merely irregular and erroneous as being excessive, but that it was made, without authority of law, on property not liable to taxation in Fayette county, and that it was void. "Where one has no domicile within the state, he is not assessable there for any mere personal tax not connected with actual presence of property or business within its jurisdiction, though he himself may formerly have been domiciled in the state, and may, at the time, be within it." Cooley, Taxation, 369, 372. It follows, from the rule announced in these authorities, that the assessment in question was void because defendant had not the jurisdiction to make it. In *Royce v. Jenney,* 50 Iowa, 679, it was said that where the board of equalization was without jurisdiction, there was no validity in the judgment it rendered in adding to the assessment of the plaintiff; that an appeal therefrom could not be prosecuted; and that *certiorari* was the proper remedy. See, also, *Dickey v. County of Polk,* 58 Iowa, 287.

Appellant cites authorities alleged to support its claim that plaintiff's proper remedy was by appeal, but we do not think they are in point. In *Polk County v. City of Des Moines*, 70 Iowa, 351, it was held that the board of equalization had jurisdiction of the matter of changing the assessment of defendant, and, therefore, that *certiorari* would not lie. The cases of *Tiedt v. Carstensen*, 61 Iowa, 334; *Smith v. Supervisors*, 30 Iowa, 531, and *Ransom v. Cummins*, 66 Iowa, 137, do not in any manner conflict with the views we have announced.

We conclude that plaintiff is entitled to the relief she demands, and that her proper remedy is by *certiorari*. The judgment of the district court is

AFFIRMED.