W. H. GRANGER, appellant, v. BOARD OF ADJUSTMENT OF CITY OF DES MOINES, appellee, ROGER F. and CORENE WILLIAMS et al., intervenors-appellees.

No. 47656.

(Reported in 44 N.W.2d 399)

1358

OCTOBER 17, 1950.

REHEARING DENIED DECEMBER 18, 1950.

Hall, Galloway & Swanson, of Des Moines, for appellant.

S. L. Harvey, of Des Moines, for defendant-appellee.

Putnam, Putnam & Putnam, of Des Moines, for Roger F. and Corene Williams and Williams-Wilbert Vault Works, intervenors-appellees.

Bump & Bump, of Des Moines, for Central National Bank & Trust Company, trustee, intervenor-appellee.

HAYS, J.—Intervenors Roger F. and Corene Williams and Williams-Wilbert Vault Works own and occupy a building located on Lots Nos. 283, 289 and 290, Watrous Park, Plat 2, Des Moines, Iowa, which they have used since 1937 for the manufacture of burial vaults. Plaintiff, W. H. Granger, owns a residence located on Lot No. 280, same Addition. Intervenor Central National Bank & Trust Company, trustee, holds a mortgage on the Williams property.

Under the Des Moines Zoning Ordinance, which became effective in 1939, Lot No. 283 is zoned for residential use, while

Lots Nos. 289 and 290 are zoned for commercial uses. In March 1948 the city building inspector issued a building permit to the intervenors Roger F. and Corene Williams and Williams-Wilbert Vault Works for certain repairs to the said building. Objections were made by plaintiff and others to the issuance thereof and an appeal was taken to the Board of Adjustment, defendant herein. The permit was approved by the Board and the matter was taken to the Polk County District Court on a writ of certiorari, where the writ was annulled. Plaintiff appeals. Hereinafter the term appellees refers to the intervenors Roger F. and Corene Williams and Williams-Wilbert Vault Works unless otherwise designated.

The material facts are not in dispute. Appellees' building, which has been in existence for many years, is of brick and frame construction and has, through the years, been used for various purposes. Appellees rented the building in 1937 and purchased same in 1942. In March 1948, appellees filed an application with the building inspector for permission to make repairs on the building, specifically to replace a portion of the walls, thirty-six feet on the south and eighty-eight feet on the east, and a part of the roof, with concrete blocks and steel. The permit was issued and work was immediately commenced. During an inspection tour by the building inspector a further portion of the wall was found to be unsafe and to constitute a hazard, and, on instructions from the inspector, the east wall was replaced for a distance of eighty feet and the south wall for one hundred six feet. The new wall is approximately five feet higher than the old, to form a false front. There was no change in the building area on the ground nor of the square-foot capacity of the building.

Under the provisions of the zoning ordinance the building did not conform to the area, height or use regulations applicable to that particular district before the issuance of the permit, and likewise did not conform after the repairs were made, or to be made. It is, however, conceded by all parties that the building is classified as a "non-conforming use."

Appellant's assigned errors may be placed in two groups: 1. The trial court erred in finding—(a) a substantial compliance with the law in making application for the permit, and (b) that

the authorized work was not a violation of the zoning regulations.
2. The trial court erred in reception of testimony as to the value
of the work done, at the time of the hearing.

 While under section 414.18, Code of 1946, the hearing
in the trial court was de novo, under rules 318 and 334, Rules
of Civil Procedure, the hearing before this court is as in ordinary
actions, on assigned errors, with the finding of the trial court
having the force of a verdict. Remey v. Board of Equalization,
80 Iowa 470, 45 N.W. 899; Anderson v. Jester, 206 Iowa 452, 221
N.W. 354.

Section 26-6, Municipal Code of Des Moines, 1942, requires
that a permit be obtained from the city building inspector before
any building may be done in the city, whether it be new or
repair work. It provides that a written application be made
which shall describe the contemplated work; the use of the build-
ing; the location of the building on the premises; and that there
shall be attached thereto certified plans and specifications of the
proposed work.

 I. Appellant contends that these requirements are
conditions precedent to the issuance of the permit and must be
strictly adhered to. The record shows that a written application
was made stating that the building, giving the city address, was
owned by the Williams-Wilbert Vault Works; that the proposed
work was the repair of 36 by 88 feet of the walls, and part of
the roof. Attached thereto was a rough sketch of the building.
The use of the building and its location on the premises were not
given. It further appears from the record that shortly after
the permit was issued certified plans were made and filed with
the inspector; that the location of the building on the premises
and the use to which it was being placed were well known to
him, and that he visited the premises at the time, or shortly
after, the permit was issued. The trial court found that there
had been a substantial compliance with the requirements of
section 26-6, supra, and that the inspector had not abused his
discretion in granting the permit, nor the Board in approving
the same. The record amply sustains such findings and we find
no merit to this claimed error.

The zoning ordinance, adopted under authority of chapter
414, Code of 1946, became effective in accordance with the pro-

visions of chapter 270, Acts of Forty-eighth General Assembly, section 2 of which states: "The provisions of this act shall not affect or apply to any use to which any real estate was lawfully devoted prior to the effective date hereof and such use may be continued hereafter."

Section 2A-8 (non-conforming uses), Municipal Code of Des Moines, 1942, states:

"The lawful *use of land* existing at the time of the passage of this ordinance, although such use does not conform to the provisions hereof, may be continued, but if such non-conforming use is discontinued, any future use of said premises shall be in conformity with the provisions of this ordinance.

"The lawful *use of a building* existing at the time of the passage of this ordinance, may be continued, although such use does not conform with the provisions hereof, and such use may be extended throughout the building, provided no structural alterations, except those required by law or ordinance, are made therein. If no structural alterations are made, a non-conforming use of a building may be changed to another non-conforming use of the same or more restricted classification." (Italics added.)

Section 2A-9 thereof provides, in part:

"Except as hereinafter provided no building shall be erected, reconstructed or structurally altered except in conformity with the regulations herein established for the height and area district in which such building is located."

II. Appellant contends that the trial court erred in finding that the authorized work was not in violation of the provisions of the zoning ordinance set forth above. Our construction of the meaning of the words "structural alteration" as used in section 2A-8, together with their intended application, is determinative of this question. This exact question has not been before this court heretofore but has been considered in other jurisdictions in connection with zoning ordinances very similar to the instant one.

It is appellant's claim that the authorized work constitutes a "structural alteration" as contemplated by the ordinance and that since the said work does not conform to the regulations, as

required by section 2A-9 as to area, height, etc., it is illegal. The case of McJimsey v. City of Des Moines, 231 Iowa 693, 2 N.W.2d 65, is cited as so holding. We held therein that the exemption granted a non-conforming use under section 2A-8 applied only to the use to which the real estate is lawfully devoted, and that all regulations as to area, height, etc., as provided for in section 2A-9, were applicable. It will be noted that section 2A-8 deals with two propositions: (a) use of land existing prior to the ordinance, and (b) use of a building existing prior to the same. Under the former no provision or exemption is given in the event of an extension of the use, and no mention is made of structural alterations, as they must apply of course to existing structures, which are covered by the latter provision. The *use of land* deals exclusively with new construction, either in the form of new buildings or new additions to an existing building of such a nature as to require the use of new land area. Such were the facts in the cited case and we find no fault with our holding therein, that the new work must conform to regulations as to height, setback, area, etc., as provided for the district in question. However, it is not applicable to the facts in the instant case.

Appellees contend that the prohibition against structural alterations in section 2A-8 applies only in the event of an extension of the use throughout the building; that the authorized work does not extend the use nor does it increase the area upon the ground or the square-foot capacity. They further contend that the authorized work does not constitute a "structural alteration" within the meaning of said section.

Under the interpretation placed thereon by the appellees the existing building could be completely rebuilt, altered or remodeled as they saw fit, so long as there was not an extension of the use of the building, which in the instant case would mean increased square-foot capacity or increased area on the ground, it appearing from the record that the entire building is now used.

██ Reading section 2A-8, Municipal Code, and section 2, chapter 270, Acts of Forty-eighth General Assembly, both supra, together, we are unable to accept the interpretation placed there-

on by either appellant or appellees. Zoning is an "exercise of the police power, in the interest of public peace, order, morals, health, safety, comfort, convenience, and the general welfare." Boardman v. Davis, 231 Iowa 1227, 1229, 3 N.W.2d 608. Under the guise of zoning, arbitrary and unreasonable restrictions upon the use and enjoyment of property, prohibition of use which does not interfere with the equally rightful use and enjoyment by others of their property, or deprivation of property without due process of law may not be made. Anderson v. Jester, 206 Iowa 452, 221 N.W. 354. Zoning being an exercise of police power by the municipality, which is a power delegated from the State, such delegated power must be strictly construed. Downey v. City of Sioux City, 208 Iowa 1273, 227 N.W. 125.

Section 2, supra, clearly shows that it was not the intent of the legislature to deny to a property owner the lawful use of premises, to which it was being placed at the time of the passage of the zoning ordinance, by gradual extinction of the non-conforming use by the ultimate depreciation of the property due to a denial of the right of the owner to make needed and reasonable repairs thereto. It will be noted that said section 2 provides that the zoning ordinance *"shall not affect or apply to* any use * * * and such use *may be continued hereafter."* (Italics ours.) In McJimsey v. City of Des Moines, supra, speaking of said section 2, we said at page 702 of 231 Iowa, page 69 of 2 N.W.2d:

"The object of the legislature in adding this section 2 was to prevent injury to the business or occupation of any lawfully existing business or use to which the property was at the time of the passage of the act subjected, while not interfering in any way with the restrictions which might be imposed upon the properties thereafter. The zoning ordinance, with its exceptions, was enacted for the benefit of the community, while at the same time not inflicting any undue hardship upon the individual in his established occupation."

A denial of the right to expand said use to other parts of the real estate on which the existing building is located (the McJimsey case) is not an interference with the existing use, and, while such may be a limitation of absolute freedom in the use of one's property, it is clearly authorized by said section 2.

1364

■ Section 2A-8, supra, properly limits the use of an existing building to the building as it was at the time the ordinance became effective and provides that any change therein which calls for a structural alteration thereof must be done in accordance with the regulations designated in section 2A-9, supra. Thus the term "structural alteration" must be construed in the light of section 2, supra, which permits the continued use so long as the occupant desires to so use it. We construe "structural alteration" to mean such an alteration as would convert an existing structure into a different one, and not such as would mean any reasonable repair of the building due to depreciation and deterioration, as contended by appellant. See Cole v. City of Battle Creek, 298 Mich. 98, 298 N.W. 466; 58 Am. Jur., Zoning, section 156; annotation 147 A. L. R. 167. We have examined the cases cited by appellant and find that they are dealing with a new building, an addition to an existing one or to a change of use. They are not in point.

■ Under this view each application for a permit calls for an exercise of discretion upon the part of the building inspector in determining whether the proposed work is, or is not, within the prohibitions set forth in section 2A-8. The trial court found that there had not been an abuse of such discretion by the inspector or the Board of Adjustment in approving the acts of the inspector, and held the permit to be valid. The record amply sustains such finding. There is no merit to this assigned error.

■ III. Appellant further contends that the trial court erred in receiving testimony as to the value of the improvements completed at the time of the hearing before the court. Holding, as we do, that the permit was legally issued such testimony was properly admitted. Crow v. Board of Adjustment, 227 Iowa 324, 288 N.W. 145.

Finding no error the decree of the trial court is affirmed.—Affirmed.

All Justices concur.