**STAN MOORE MOTORS, INC.,**
**Appellant,**

v.

**POLK COUNTY BOARD OF ADJUSTMENT**
**et al., Appellees.**

**No. 55727.**

Supreme Court of Iowa.

July 3, 1973.

James R. Maggert, Maggert & Wagener, Ankeny, for appellant.

Robert B. Scism, Des Moines, for appellees.

Submitted to MOORE, C. J., and MASON, REES, REYNOLDSON, and HARRIS, JJ.

HARRIS, Justice.

A landowner appeals a holding which denied, under a county zoning ordinance, the right to attach a canopy to a business building. The building constituted a non-conforming use. We affirm.

The facts are stipulated. Plaintiff owned business property which was subject to the zoning ordinances of Polk County. On the property was a building which existed as a non-conforming use by reason of being too close to both adjoining streets. Plaintiff commenced and substantially completed the construction of a canopy from the front of this building without seeking or receiving a building permit. The tardy application was later denied by the zoning commission for Polk County. The landowner appealed this denial to district court and, after trial court's refusal to overturn it, to us. From the exhibits the canopy appears to stand on its own supports at one end and is attached to the non-conforming building at the other. It is of sufficient dimensions to permit automobiles to be driven and parked beneath it (plaintiff is apparently engaged in the automobile business). The construction involved the extension of roof rafters forward and tying in these rafters by a plywood placed over them. A roofed area was thereby created as an extension of the building itself. Its principal use was for the storage of vehicles.

I. The trial in district court was upon a writ of certiorari under section 358A.19, The Code. As provided by section 358A.21, The Code, those proceedings were tried de novo. Under rules 318 and 334, Rules of Civil Procedure, the appeal to us is as in ordinary actions, on assigned errors, with the finding of the trial court having the force of a verdict. Granger v. Board of Adjustment, 241 Iowa 1356, 44 N.W.2d 399. Having been denied the permit by the administrative tribunal plaintiff undertook a staggering burden in bringing this action. The term " * * * 'de novo' as used in section 358A.21 does no more than permit the introduction of additional evidence in district court if the court finds that course necessary for proper disposition of the cause. With that qualification the decision of the administrative body is conclusive unless it is arbitrary, capricious, or otherwise illegal." Buchholz v. Board of Adjustment of Bremer County, 199 N.W.2d 73, 78 (Iowa 1972).

II. Plaintiff argues the construction of the canopy did not constitute an extension or enlargement of the non-conforming building. The trial court rightly disagreed. We do not necessarily agree with the trial court's finding no structural alteration was involved. It is of no controlling importance because the use itself

was illegally extended and enlarged in any event. We need not restate the aims and purposes of zoning. See Board of Supervisors of Cerro Gordo County v. Miller, 170 N.W.2d 358, in which we also discussed the necessarily inconsistent function of non-conforming uses. At page 361 we said:

"A brief survey of the cases and authorities in this area disclose nonconforming uses have been a problem since the inception of zoning. It was originally thought such uses would be few, and would naturally eliminate themselves through the passage of time, with restrictions on their expansion. But during the past two decades it has become increasingly evident pre-existing nonconformities have no natural tendency to fade away. On the contrary it appears they tend to continue and prosper because of the artificial monopoly accorded them by the law. However, it still remains, the basic aim and ultimate purpose of zoning is to confine certain classes of buildings and uses to specified localities. Nonconforming uses are inconsistent with that objective. * * *."

■ Enlargements or extensions of non-conforming uses are not allowed. See 58 Am.Jur., Zoning, section 158, page 1026; 101 C.J.S. Zoning § 191, page 950 and section 195, page 956; Annot., 87 A. L.R.2d 4. They are expressly prohibited also by Article 6, General Regulations, Zoning Ordinance of Polk County, Iowa.

■■ Plaintiff is not in basic disagreement with the proposition that an extension or enlargement will ordinarily not be allowed. Rather plaintiff argued this construction is not an enlargement or extension because it does not add to the life of the building. It is true the effect on longevity of a non-conforming building is sometimes material in determining whether a work is a permissible repair or an impermissible extension. Granger v. Board of Adjustment, supra. But plaintiff is wrong in suggesting there can be no extension or

enlargement of the use unless the longevity of the building is increased. Other factors can increase the use. We have held an increase in the area of the use might be an unlawful extension, that rights in a non-conforming use do "* * * not provide for the extension thereof to other parts of the lot or to any other real estate than that upon which the use was actually established * * *." McJimsey v. Des Moines, 231 Iowa 693, 702, 2 N.W.2d 65, 69. Plaintiff misapprehends the nature and extent of its non-conforming use. The land is not non-conforming. Only the building is. The construction of the canopy severely aggravated the extent of the non-conformity and clearly was an extension of the non-conforming use.

III. The parties disagree as to whether plaintiff may claim the benefit of an amendment to the zoning ordinance adopted after his application was denied but before trial in district court. The amendment provided: "however, architectural features such as sidewalk arcades, canopies, roofs, or similar architectural features of commercial or industrial buildings may be established and maintained in a required front yard, provided the total combined area of such features does not exceed twenty (20) percent of the required front yard area."

■ The canopy in question covers less than 20 percent of the yard area fronting on plaintiff's non-conforming building. Plaintiff argues the amendment is enough to justify the canopy. We disagree. We can leave unsettled the dispute as to whether the amendment applies in plaintiff's application. We also pass the trial court's interpretation of the amendment. (The canopy contemplated in the amendment was only a sidewalk canopy, not the sort constructed here). We rely on the fundamental prohibition against enlarging or extending non-conforming uses. That prohibition persists quite aside from construction privileges which might otherwise be accorded by the zoning code.

The prohibition against expanding or enlarging a non-conforming use defends against the growth of a pre-existing aggravation. That pre-existing aggravation, the non-conforming use, survives as a matter of grace. The public is not required to expand upon that grace to its increasing aggravation.

IV. Plaintiff assigns another error which is not stated or argued in its brief. No authorities are cited. The assignment is accordingly waived. Farm Service Co. of Emmetsburg v. Askeland, 169 N.W.2d 559 (Iowa 1969).

Affirmed.