Enos PEMBERTON, Everett Lyman, James Van Dewalle, Edna Lyman, Linda Hayes, Pat Lensing, Ron Sizemore, Deborah Sizemore, Petitioners–Appellants,

v.

HARDIN COUNTY BOARD OF ADJUSTMENT, Respondent–Appellee,

IBP Inc., Abner B. White and Lois Mildred Bekemeier, Intervenors–Appellees.

No. 88–464.

Court of Appeals of Iowa.

March 16, 1989.

Michael A. Smith of Lundy, Butler & Lundy, P.C., Eldora, for petitioners-appellants.

James L. Beres, Hardin County Atty., Eldora, for respondent-appellee.

Jim R. Sween of Sween Law Office, Eldora, for intervenors-appellees.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Petitioners challenge the trial court's ruling upholding the validity of a building permit issued by the Hardin County Board of Adjustment to IBP, Inc. to erect a hog-buying station in Hardin County. They argue the trial court erred in: (1) modifying the legal description on the permit to conform to a subsequent property survey; (2) not requiring compliance with the special permit procedures of Hardin County zoning ordinances; (3) finding that a nine-foot discrepancy between the property described in the permit and the actual property as surveyed was in the nature of a "technical error."

Iowa Beef Packers, Inc. applied for a building permit to erect a hog-buying station in Hardin County. The proposed site was a tract of land measuring 300' by 325', exclusive of the right-of-way. At the time the application was submitted and approved, the property had not yet been surveyed.

Since IBP, Inc. is a large livestock purchaser and meat packer, in order to facilitate its operations, it maintains hog-buying stations in areas where a sufficient volume of hogs are raised. It employs buyers who purchase hogs from the local farmers who, in turn, deliver the hogs to IBP's "hog-buying stations." The deliveries are usually done in the morning, with IBP shipping the hogs out after noon. The hogs are not fed

at the hog-buying station, nor are they housed there overnight. They are held for only a few hours, with the stations having a capacity of approximately 400 animals.

On May 28, 1987, the zoning administrator issued the requested building permit. After the permit had been issued, the property was surveyed, and it was learned that an additional nine feet of ground was needed to be able to build a structure 100' by 50', 100 feet from each property line. IBP purchased the additional nine feet of property.

Our scope of review on appeal from a trial court judgment in a certiorari proceeding is limited to correction of errors at law. *Helmke v. Board of Adjustment, City of Ruthven*, 418 N.W.2d 346, 348 (Iowa 1988); Iowa R.Civ.Pro. 318. We are bound by the findings of the trial court if supported by substantial evidence in the record. Iowa R.App.P. 14(f)(1).

I. Whether the trial court acted under the proper standard of review is the first issue raised by petitioners. They claim the district court was without authority to modify the permit under Iowa Code section 358A.21. Petitioners argue that the matter should have been reversed by the court, allowing the filing of a new application in accordance with the County Zoning Administrator's recommendation.

Iowa Code section 358A.21 provides:

If upon the hearing which shall be tried de novo it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with the referee's findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.

This Code section is identical to Iowa Code section 414.18, which was reviewed in *Helmke*, 418 N.W.2d at 347. The supreme court noted the de novo review by the district court is "somewhat unusual." *Id.*

The district court is to find the facts anew on the record made in the certiorari proceeding. That record includes the return to the writ and any additional evidence which may have been offered by the parties. *Id.*

However the district court is not free to decide the case anew. Illegality of the challenged board action is established by reason of the court's findings of fact if they do not provide substantial support for the board decision. *If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board.*

*Id.* quoting *Weldon v. Zoning Bd.*, 250 N.W.2d 396, 401 (Iowa 1977).

▮ The district court did not decide the case anew. It affirmed the decision of the Board, correcting the legal description of the land involved. The Board did not have the benefit of a survey like the trial court. Although the tract of land was nine feet off when the Board made its decision, the legality of the Board's decision was confirmed by the court's findings of fact.

The trial court ruled "there was substantial evidence in the record to support the findings of the board when the permit is amended to allow for the correction of the 9 foot error contained in the legal description." Because substantial compliance with a zoning ordinance is sufficient, correction of the description does not constitute error. *Granger v. Board of Adjustment*, 241 Iowa 1356, 1360, 44 N.W.2d 399, 401 (1950). No one was misled by the original description and the additional property was purchased to correct the mistake. Therefore, we find the district court had authority to correct the description on the permit.

▮ II. Petitioners contend the district court erred in not requiring compliance with the special permit procedure of section XVII of Hardin County Zoning Ordinance. We disagree.

Applying the correct standard of review, the trial court found there is substantial

evidence in the record to support the Board of Adjustment's conclusion that a hog-buying station is included in the definition of "other structures for housing animals." Further, the court found this decision to be consistent with the purpose and intent of section VIII(A)(4) and other provisions of Hardin County Zoning Ordinance.

It cannot be said as a matter of law that the Board of Adjustment erred in its determination that a hog-buying station is included in "other structures for housing animals." The Hardin County Zoning Ordinance does not define a hog-buying station nor a stock yard. The description of the hog-buying station operation itself does not easily fit into any of the definitions discussed. The Board determined which category is more synonymous with the operation and purpose of the hog-buying station. It is not the role of the district court to substitute its judgment for that of the Board. *Helmke v. Board of Adjustment,* 418 N.W.2d 346, 352 (Iowa 1988). No error was made.

■ III. Finally, petitioners claim the district court erred in finding the nine-foot

discrepancy between the permit and the actual property to be technical. They claim the district court lacked authority to do this, but they do not dispute the factual basis for its decision.

The trial court said, "There was no error as to the size or location of the lot which was adjacent to the road right-of-way. The error was an error as to the portion of the 100 foot right-of-way in Section 3. The 9 foot error has not misled anyone." No evidence has been proffered to contradict these findings. Instead, substantial evidence supports the district court's conclusion. No error was made by the district court.

The decision is affirmed.

AFFIRMED.

HABHAB, J., takes no part.