**IN THE COURT OF APPEALS OF IOWA**

No. 4-018 / 13-0118
Filed April 30, 2014

**LARRY ARNBURG,**
    Plaintiff-Appellant,

**vs.**

**EARLHAM BOARD OF ADJUSTMENT,**
**CITY OF EARLHAM, IOWA,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Madison County, Gregory A. Hulse,

Judge.


    Larry Arnburg appeals the district court ruling granting the Earlham Board

of Adjustment's motion for summary judgment. **REVERSED AND REMANDED.**


    Kimberley Baer and Maureen Cosgrove of Baer Law Firm, Des Moines,

for appellant.

    Jason Palmer and Catherine Chargo of Bradshaw, Fowler, Proctor &

Fairgrave, P.C., Des Moines, for appellee.


    Heard by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Larry Arnburg appeals the district court ruling granting the Earlham Board of Adjustment's motion for summary judgment. Arnburg contends the Board acted illegally under Iowa law when granting a zoning variance to Farmer's Cooperative Company for the purpose of building grain bins on a piece of land adjacent to a similar operation. We find a genuine issue of material fact exists concerning whether the Board allowed for expansion of a nonconforming use and whether the Board impermissibly relied upon a nonconforming use when justifying the variance. Accordingly, we reverse and remand.

**I.      Background Facts and Proceedings**

Farmer's Cooperative Company (FC) owns and operates a number of grain bins in the city of Earlham and temporary grain storage facilities outside the city limits. FC's existing facilities predate Earlham's zoning ordinances and do not conform to existing height and set-back requirements.

FC purchased land immediately adjacent to its existing operation, where it intends to build additional grain bins. FC filed an application to have the land rezoned from R-Residential and C-Commercial to "M," an industrial designation.[1] The zoning change was approved.

On September 9, 2011, FC[2] requested a building permit, which was denied by the city zoning administrator on October 11, 2012, because the proposed bins did not comply with the present height or set-back requirements. On October 19, 2012, FC appealed the decision to the Earlham Board of

---

[1] FC's existing facilities are the only other "M" zoned areas within the city limits.
[2] Danny Faust, acting on behalf of FC, also requested the building permit.

Adjustment (Board) requesting a variance. The variance, if approved, would allow FC to construct grain bins with no set-back requirements at a height in excess of existing limits. The Board held a hearing and approved the variance. Following the Board's action, Arnburg filed a petition for a writ of certiorari claiming the Board acted illegally. Upon the request of the Board, the district court remanded the case to allow the Board to hold an additional hearing and make written findings of fact.

The rehearing was held on March 21, 2012. FC presented evidence on the need for a variance including economic data on the profitability of conforming structures. FC also presented evidence of an agreement with the city showing the city intended to ease the concerns of neighboring residents. Local residents informed the Board of existing problems with grain dust covering nearby homes and sidewalks, and discussed problems with nearby streets due to heavy truck traffic serving the facility. They also alleged the proposed bins would create a safety hazard due to both their height and proximity to the lot lines.

The Board issued an oral and written decision granting the variance. The Board found the concerns of residents had been addressed by an agreement between the city and FC, and decided the bins would not alter the character of the city. The Board also found FC's economic analysis proved the land could not be used profitably without the variance. Making other factual determinations, which will be discussed as necessary, the Board followed the outline of the statutory requirements for granting a variance and approved FC's application.

Returning to the district court, Arnburg filed discovery requests intended to prove the Board acted illegally. While his requests were outstanding, the Board filed a motion for summary judgment that was granted by the district court on December 24, 2012.

## II. Scope and Standard of Review

We review a district court's decision on a motion for summary judgment for errors at law. *Boelman v. Grinnell Mut. Reins. Co.*, 826 N.W.2d 494, 500–01 (Iowa 2013). "The district court properly grants summary judgment when the moving party demonstrates there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law." *Id.* at 501. We review the matter in the light most favorable to the non-moving party, affording every legitimate inference reasonably deduced from the evidence. *Id.* Where reasonable parties could disagree on the resolution of an issue, a fact question is found. *Id.* Because the issue before us is the district court's grant of the motion for summary judgment, we do not review the Board's decision on the merits, but rather we determine whether genuine issues of material fact exist necessitating a trial on the merits.

## III. Discussion

Arnburg raises a number of issues, claiming the Board exceeded its authority by granting the variance despite substantial evidence to the contrary. He also claims the court erred in granting summary judgment while he had outstanding requests for discovery.

Under Iowa Code section 414.12(3) (2011), a board is empowered to grant a variance under certain circumstances. To legally grant the variance, a board must determine the variance would not be contrary to the public interest and literal enforcement of provisions of the ordinance would result in an unnecessary hardship. Iowa Code § 414.12(3). The board must also determine the spirit of the ordinance shall be observed and substantial justice done. *Id.*

The city of Earlham has further imposed limitations on the Board's power to grant a variance. Under the municipal code, to grant a variance the Board must find that:

> a. Special conditions and circumstances exist which are peculiar to the land, structure or building involved, and which are not applicable to other lands, structures or buildings in the same district.
> b. Literal interpretation of the provisions of this Zoning Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this Zoning Ordinance.
> c. The special conditions and circumstances do not result from the actions of the applicant.
> d. Granting the variance requested will not confer on the applicant any special privilege that is denied by this Zoning Ordinance to other lands, structures or buildings in the same district. No nonconforming use of neighboring lands, structures or buildings in the same district, and no permitted use of lands, structures or buildings in other districts shall be considered grounds for the issuance of a variance.

Earlham Code of Ordinances §165.22(3)(A)(1). The municipal code also prohibits the expansion or enlargement of any nonconforming building, or the expansion or extension of any nonconforming use of land beyond the area occupied at the time the municipal code was enacted. Earlham Code of Ordinances § 165.42(3).

**A.    Expansion of Nonconforming Use**

Arnburg contends the Board acted illegally by allowing for expansion of a nonconforming use, in violation of the local zoning ordinance.  The parties disagree as to whether the existing bins are a nonconforming use, and whether the variance expands a nonconforming use.

A nonconforming use is a use that was lawful before the zoning ordinance went into effect and continued thereafter.  *Perkins v. Madison Cnty. Livestock & Fair Ass'n*, 613 N.W.2d 264, 270 (Iowa 2000).  The purpose of a prohibition against expansion of a nonconforming use is to protect against the growth of "a pre-existing aggravation" that "survives as a matter of grace."  *Stan Moore Motors, Inc. v. Polk Cnty. Bd. of Adjustment*, 209 N.W.2d 50, 53 (Iowa 1973).

The Board was prohibited from both expanding a nonconforming use and from considering a nonconforming use when making other necessary determinations during the variance process.  Earlham Code of Ordinances § 165.42(3).  Arnburg contends the Board erred in both respects, and the district court determined no genuine issue of material fact existed on the matter.  Because we review a denial of a motion for summary judgment, we need not determine whether the Board in fact relied upon a nonconforming use, but whether a genuine issue of material fact exists on the issue.  This requires us to consider two points: (1) was there an existing nonconforming use, and if so; (2) did the Board expand or rely upon it in granting the variance.

Issues of conformity are limited only to height and set-back restrictions.  The district court concluded, "There is no question that a grain elevator is a

permitted use in an industrial zone." In conclusory language, the district court went on to state: "Plaintiff's argument that [FC]'s reliance on the Applicant's nonconforming use of the adjoining property to justify the variance is misplaced. The Court concludes that the Board did not act illegally in considering the Applicant's use of its adjoining land." It is unclear whether the district court was concluding there is not a nonconforming use, or the Board did not rely upon a nonconforming use in making its decision, or the Board thought it was legal to rely upon a nonconforming use to justify the variance. The Board claims it relied upon the fact a grain elevator/bin is being operated next-door, which is not a nonconforming use, but did not rely upon existing height or set-back violations.

Upon a review of the record, we find a genuine issue of material fact exists concerning whether the Board relied upon a nonconforming use when justifying the variance. In its "findings of fact," the Board found the variance would not create a new or different business, but would only expand the business itself. By relying on the nature of the business itself, rather than the height or location of the physical structures, the Board is not relying upon a nonconforming use. A genuine issue of material fact exists because the Board also found the bins, as nonconforming structures, have been in place since 1959 and 1960. The Board further explained the variance would not alter the essential character of the neighborhood because FC "also has bins that exceed the local ordinance standards presently." We find a genuine issue of material fact exists and the ruling of the district court granting summary judgment must be reversed. We

vacate the summary judgment ruling and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**