## ROSENBAUM BROS. v. ADAMS, SHERIFF, ET AL.

1. **Practice**: INTERVENTION: FORMER ADJUDICATION. Intervention can only be by petition (Code, § 2685); and it is impossible by one petition to intervene in three distinct and unconsolidated actions. Neither can one be bound by an adjudication upon a petition of intervention filed by another claiming to be his agent.

*Appeal from Keokuk Circuit Court.*

FRIDAY, JUNE 15.

ACTION for damages alleged to have been sustained by the seizure of certain corn belonging to the plaintiffs.

The defendants deny the ownership of the corn by the plaintiffs, and aver that the corn was owned by one Underwood; that the same was seized by the defendant, Adams, as

sheriff, under three writs of attachment, issued by a justice of the peace in three actions against Underwood, and afterward the same was sold upon executions issued upon judgments obtained in the actions.

They further aver that these plaintiffs intervened in the actions against Underwood, claiming the property attached, and that judgment was rendered against them in the proceedings in intervention, whereby the plaintiffs' right to the property became adjudicated, and by the adjudication the plaintiffs are now estopped from claiming the same property. The plaintiffs for reply deny that they intervened in the actions against Underwood. There was a trial without a jury, and judgment was rendered for the defendants. The plaintiffs appeal.

*Mackey & Mackey*, for appellants.

*W. W. Kline* and *Harned & Fonda*, for appellees.

ADAMS, J.—The court made a finding of facts. It found that Underwood was largely indebted to these plaintiffs, and sold to them by written bill of sale the corn in question, and delivered the same to them before it was seized upon the writs of attachments. In rendering judgment against them notwithstanding this fact, the court, we infer, must have concluded that they were barred by a prior adjudication. It did not expressly so find, but it made certain findings concerning the alleged intervention. It set out in its findings the so-called petition for intervention, the demurrer thereto, the judgment of the justice of the peace in sustaining the demurrer, and the final judgment respecting the ownership of the corn.

The first question which presents itself is as to whether the plaintiffs did intervene. They deny that they did, and this is one of the material issues to be determined. The plaintiffs direct their argument mainly to the question as to the effect of a judgment on demurrer to a pleading which is

defective merely in form. But they insist, among other things, that the so-called intervenors did not in fact get into court. If we should conclude that this is so, we must hold that there was no adjudication. If their position is sound, we cannot hold it to be unsound because the reasoning adduced in its behalf may not commend itself to our approval.

A copy of the alleged petition for intervention, and amendment thereto, are set out. The titles to the three actions in attachment were as follows, respectively: *J. T. White & Sons v. Joseph Underwood; Baker & Ashton v. Joseph Underwood;* and *J. J. Missinger v. Joseph Underwood.* Only one petition for intervention, with the amendment thereto, appears to have been filed. The petition is not entitled as of either of the above named cases, nor was it found by the court, or shown by the evidence that it was filed in either of them. The petition is entitled, *Rosenbaum Bros., intervenors, v. J. T. White & Sons, J. J. Missinger, Baker & Ashton,* and appears to have been simply filed by the justice in a general way. It seems certain that the plaintiffs could not, by one petition, intervene in three distinct and unconsolidated actions. Again, the petition was not signed by these plaintiffs, nor by an attorney. It was signed by one J. D. Bacon, who claimed to be the agent of the plaintiffs, and who claimed himself to be entitled to the possession of the corn as such agent. The petition, whatever it was, was filed by Bacon. If the plaintiffs intervened, it was by reason of a petition filed by a third person claiming a right of possession in himself as the plaintiffs' agent. We know of no rule by which a person can intervene in an action by a petition filed by an agent in his own name. In intervention, the pleadings must be governed by the same principles and rules as obtain in other pleadings. Code, § 2685. It appears to us that the alleged intervention, consisting of certain acts done by Bacon, was not an intervention by the plaintiffs. Intervention can be only by petition (see section above cited), and that petition must be the petition of the intervenors. If

there was no intervention, as we think appears, taking the whole finding together, there was no adjudication against these plaintiffs, and if no adjudication, the finding of facts does not support the judgment.

REVERSED.