### POLK COUNTY v. THE CITY OF DES MOINES ET AL.

| 70 | 351 |
|----|-----|
| 80 | 476 |
| 70 | 351 |
| 87 | 661 |
| 70 | 351 |
| 119 | 342 |

1. **Certiorari:** APPLICATION TO BOARD OF EQUALIZATION: FRAUD. *Certiorari* will not lie to review the action of a city board of equalization in reducing the assessment of the property of the city water-works company, even though the city is liable, on a contract with the company, to pay the taxes levied on the property, and it appears that the reduction in the assessment was wrongfully made with the purpose of defrauding the county and state out of a portion of the taxes which the city ought thus to pay. (*Tiedt v. Carstensen*, 61 Iowa, 334, followed.)

*Appeal from Polk Circuit Court.*

WEDNESDAY, DECEMBER 15.

IN the year 1885 the assessor elected by the city of Des Moines assessed certain real estate, which belonged to the Des Moines Water Works Company, at $60,000. This assessment was subsequently reduced by the city council, acting as a board of equalization, to $6,000. The plaintiff thereupon brought this action, alleging in its petition that the actual value of said property was $250,000, and that there existed a contract between the city and the water works company, by the terms of which the city was liable to pay all taxes that should be levied on the property of the water works company, and that the action of the board of equalization in reducing said assessment was not intended in good faith as an equalization of the assessment, but was done for the pur-

pose of protecting the city from its liability for the tax that might be levied on the property, and that the action was injurious to plaintiff and the state; and it prayed for a writ of *certiorari*, and that the action of the board be adjudged void, and that the original assessment of $60,000 be restored. A demurrer to the petition was sustained, on the ground that the proceeding by *certiorari* would not lie for the correction of errors of the nature of that complained of. Plaintiff appealed.

*Baylies & Baylies*, for appellant.

*James H. Detrick* and *Nourse, Kauffman & Guernsey*, for appellee.

REED, J.—It is provided by section 3216 of the Code that "the writ of *certiorari* may be granted whenever specially authorized by law, and especially in all cases where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, whenever in the judgment of the superior court there is no other plain, speedy and adequate remedy." The board of equalization was empowered by statute to increase or diminish the valuation of the property affected by its order, as it might deem just and necessary for an equitable distribution of the burden of taxation. Code, § 829. It cannot be said, therefore, that it "exceeded its proper jurisdiction" in making the order complained of, for it made it in the exercise of the jurisdiction conferred upon it. It is claimed by the appellant, however, that the action of the board is illegal, because of the motive or purpose that prompted it. The charge in the petition is that the order was made for the purpose of relieving the city, which was bound to pay such taxes as should be levied on the property, from its share of the public burden, and not for the purpose of equalizing the assessment. That the motive was wrongful will be conceded, but we are of the

opinion that the action of the board was not "illegal" in the sense in which that term is used in the section of the Code quoted above. The board was clothed with authority to decide whether the assessment should be diminished. A discretion was conferred upon it by the statute. The error committed by it was as to the order which should be made upon the facts submitted to it. An error of that character cannot be corrected by proceeding by *certiorari*.

It was held in *Tiedt v. Carstensen*, 61 Iowa, 334, that, if the inferior tribunal be clothed with authority to decide upon facts submitted to it, the decision is not illegal, whatever it may be, if the subject-matter and the parties are within its jurisdiction; and to the same effect is *Smith v. Board of Supervisors*, 30 Iowa, 531. The present case is clearly within that rule.

AFFIRMED.