GEORGE A. JEWETT, Plaintiff, v. W. S. AYRES, Judge of the District Court of Iowa in and for Polk County, Defendant.

**Certiorari:** ORDER OF TRIAL: DISCRETION. The trial court has a discretion in the matter of assigning causes for trial, which cannot be controlled by certiorari, except in cases of abuse of such discretion; and a refusal to give a preference over other pending cases to an appeal from the action of a board of supervisors finding a petition of consent to the sale of liquor sufficient was not an abuse of discretion.

**Same.** The fact that there is no right of appeal from an order refusing to give precedence to the trial of the sufficiency of a consent petition to the sale of liquor over other pending causes does not authorize a review by certiorari.

*Certiorari to Polk District Court.* 　　 .

TUESDAY, NOVEMBER 24, 1914.

APPEAL having been taken from a finding of the board of supervisors that a statement of consent for the sale of intoxicating liquor was sufficient, the complainant moved for an assignment of the cause for trial at the pending or next succeeding term. The motion was denied, and upon such ruling writ of certiorari was brought to this court.—*Dismissed.*

*Popham & Hayner* and *M. S. Odle,* for plaintiff.

*Parker, Parish & Miller* and *Thomas L. Sellers,* for defendant.

WITHROW, J.—I. A petition or statement of consent for the sale of intoxicating liquor in the city of Des Moines was in December, 1913, held by the board of supervisors of Polk county to be sufficient. Thereafter on December 26, 1913, a general denial of the sufficiency of the petition of consent was

filed, and this was accompanied by a cost bond, as required by Code Supplement, section 2450. On the 2d day of January, 1914, the county auditor certified the statement of consent to the clerk of the district court, by the filings previously noted appeal to that court having been perfected, and on the 5th day of January, 1914, which was the first day of the January term of the district court of Polk county, the appellee, representing the petitioners, filed his bond conditioned to pay the costs of the appeal. This bond was filed within ten days after notice of appeal, which the cited statute requires. On January 8th, the appellant, George A. Jewett, filed in the district court a motion to advance the cause for trial, stating that he was a citizen and taxpayer of the city of Des Moines, denying the sufficiency of the statement of consent, and that the only means for protecting himself and other citizens from unlawful sales under an invalid and insufficient statement of consent is by a speedy trial in which such insufficiency may properly be determined. The motion was supported by an affidavit which set forth the increased burdens alleged to result to taxpayers from the operation of saloons. Resistance was filed to this motion; among other objections it being claimed that the appeal was not taken, perfected, and rightfully docketed in the district court ten days before the opening of the January term, and that the case was not properly triable until the March term.

The motion to advance the cause for trial in the January term was overruled, and thereafter on the 11th day of February the appellant, Jewett, filed a motion to have the cause set down for hearing on February 26th, and, if such could not be done, that it be assigned for trial during the following term of court to commence March 2, 1914. This motion also was overruled, and such rulings are made the basis of the writ of certiorari upon which the cause is now before this court.

The return made by the trial judge to the writ of certiorari states that at the beginning of the January term there

were pending 1190 law causes in the district court of Polk county; that there were from sixty to seventy jurors in attendance; that they were not finally dismissed until February 27th, and the jury for the following term was called for March 7th; that the amount of jury work was such that but little time could be given to the trial of other than jury causes until the May term, which continued until September 1st, and about two months after the discharge of the jury; that the petition of consent contained about 12,000 names; and that the trial of the appeal, judging from a previous trial of like character, would consume about six weeks. The return further states that the trial court endeavored to secure a simplification of the issues in order that trial might be expedited, but was unable to do so. Affidavits of counsel as to what was proposed in order to reduce the field of contest and simplify the trial, while tending to show a difference in the understanding of court and counsel, do not affect the ultimate questions which we must determine.

II. The petition for the writ prays that order be issued directing the defendant to proceed to the hearing of the case at some time during the March, 1914, term of the district court, and for such other and further orders as to the court may seem proper in the premises. While we might with full propriety and support in the law hold that, as that term had passed prior to the submission of the cause to this court, the question now presented is only a moot one, we prefer to give to the case the broader considerations, which are urged by counsel in argument.

III. There is no provision of the law which gives cases of this nature precedence over pending causes. There must therefore be recognized as inherent in the trial court the right to regulate its business that the interests of all litigants may be properly guarded. While it no doubt had the power to make an order of early assignment and postpone other pending causes, there was also in it the discretion and right to govern the course

1. CERTIORARI: order of trial: discretion.

of its business, if done in a way not arbitrary and illegal. The insistence of counsel for the petitioner is, in effect, that, because of the great public importance of the question, that pending the appeal the saloons will under the statute have the right to operate, as the appeal does not supersede the grant of the privilege held to be sufficient by the board of supervisors, that the delay in the trial of the cause and in the possible appeal to this court would carry the final determination of the case over for a year or more, thereby depriving citizens and taxpayers of the right to a speedy determination that the alleged unlawful operation of the saloons may be ended.

The trial court had jurisdiction of the case. Code, section 4154, authorizes the issuance of a writ of certiorari in all cases when an inferior tribunal is alleged to have exceeded its proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy. There being no mandatory duty to assign the cause for trial in precedence of other pending causes, it is not an unwarranted statement, from the record, that in what it did the trial judge exercised a discretion. This, as is well settled by many authorities, is not a subject of review in a certiorari proceeding. *Butterfield v. Treichler,* 113 Iowa, 328; *Polk County v. Des Moines,* 70 Iowa, 351; *Tiedt v. Carstensen,* 61 Iowa, 334; *Smith v. Board,* 30 Iowa, 531.

IV. It is urged, however, that there is no remedy by appeal from an order refusing to assign a cause for trial, and, as no other means is expressly provided, the right of review by this court arises under section 4, art. 5, of the Constitution of Iowa, which gives to the court the right and duty to ''exercise a supervisory control over all inferior judicial tribunals throughout the state.''

2. SAME.

This court has held, in *Savings & Trust Co. v. District Court,* 121 Iowa, 1, that there can be no legislative limitation of this power; and that when an inferior tribunal proceeds in the exercise of a new jurisdiction created by statute, in such

manner as to be summary, or in a course different from the common law, and a remedy for the review of such act is not given by the statute, certiorari will lie for its revision. Many cases are cited by counsel for petitioner stating the same rule; and it must be accepted as the settled doctrine that, when there is no remedy by appeal, and there has been by the inferior tribunal such act as to constitute error affecting substantial rights, or an abuse of power in the exercise of its jurisdiction, the aggrieved party may avail himself of this remedy.

But as we read the record in this case it does not permit the application of that rule. The trial court in the exercise of its jurisdiction and of a discretion whch we cannot say was abused declined to advance the cause. The appellee in resistance to the motion to advance consented to an assignment if made for June, when the business of the court and the absence of the jury would permit a trial without displacing pending business. While this would not govern the trial judge in the ruling it had the right to consider it in connection with the knowledge it had of the state of business in the court. It does not appear to us to be an arbitrary or unwarranted exercise of power. The record is to the contrary; and, in the absence of legislative action requiring cases of this nature to be heard forthwith upon the perfection of the appeal, there was no error. We do not hold that a delay in the trial of such an appeal arbitrary in character and apparently made for the purpose of preventing a speedy determination of the issue may not be thus reviewed and controlled; but the record in this case does not present such a situation.

The writ is—*Dismissed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concurring.