IN RE GUARDIANSHIP OF BERTHA BENDER
(voluntary guardianship).

BERTHA BENDER, appellant, v. ANNA BROOKS, appellee.

No. 49143.

(Reported in 81 N.W.2d 650)

MARCH 5, 1957.

Cutting & Cutting, of Decorah, for appellant.

Meyer & Keefe, of Decorah, for appellee.

WENNERSTRUM, J.—The trial court refused to terminate a guardianship which had been instituted on the application of the ward. She has appealed.

Bertha Bender, 78 years of age at the time of the trial, filed an application for the appointment of her daughter, Anna Brooks, on May 14, 1952, as guardian of her property. At that time Bertha Bender owned a 218-acre farm, certain farm livestock, feed and also possessed some cash. The guardian has continued to act since her appointment. The farm has not been sold. On October 21, 1955, the ward filed an application to terminate the guardianship and later an amended and substituted application was filed. The guardian denied the various allegations of the application.

Upon trial of the issues the trial court denied the ward's application and in its ruling stated in part: "The Court finds that the question of mental soundness or unsoundness is not a material issue in this case, that the Ward has substantially recovered from her previous mental illness, and that the sole question now remaining in the case is whether the Ward is capable of managing her own property. The paramount question is whether the Ward can be safely entrusted with the care and management of her property, or whether it would be to her best interests to remain under a guardianship. * * * With reference to the ability of the Ward to take over the management of the farm, the evidence seems conclusive that with her physical handicaps and her educational deficiencies that she would require exceptional guidance and advice to be able to manage her own property."

We do not deem it necessary to set out in detail the evidence presented. It is sufficient to state our review of it discloses ample justification for the order as entered by the trial court. The testimony of the ward shows she is not physically capable of transacting the business affairs of the farm property. She is unable to read or write because of limited schooling. She has virtually no eyesight by reason of cataracts. The ward and her witnesses all admit she would have to have someone look after her property even if the guardianship is terminated. The ward questions the basis of the court's ruling and maintains the evidence presented does not justify it. It is the general contention of the ward that inasmuch as she had been able to accumulate considerable property during her earlier years, even as a widow, she is now able to look after her property without the necessity or need of a guardian.

I. A person under guardianship, but not less than six months after appointment, may apply to a court or a judge thereof alleging he is no longer a proper subject thereof and ask that the guardianship be terminated. Section 670.11, 1954 Code. A guardian may be appointed on a person's own application. Section 670.5, 1954 Code. The termination of such a guardianship can be effected only as is provided for those otherwise appointed under section 670.2, 1954 Code. Neidermyer v. Neidermyer, 237 Iowa 685, 692, 693, 22 N.W.2d 346.

■ II. The determination whether a guardianship similar to the one here involved should be terminated depends upon the ability of a ward to manage his affairs in a rational manner. Perry v. Roberts, 206 Iowa 303, 308, 220 N.W. 85; Olson v. Olson, 242 Iowa 192, 203, 46 N.W.2d 1, 40 A. L. R.2d 1, and cases cited. Although the trial court has found the ward has recovered from a previous mental illness, yet her own testimony discloses a mental attitude which could have, and probably did, influence the court in determining the ward was incapable of handling her business affairs.

■ We hold a termination of a guardianship is properly denied where it is definitely shown by reason of age, poor eyesight and a weakened condition of health, guidance and assistance by others is necessary for the care and administration of the ward's business and property.

■■ III. This action is in probate. Section 631.7, 1954 Code; section 604.3(2), 1954 Code. As such it is triable as a law action. It was tried to the court. It is not reviewable de novo in this court. The trial court's findings of fact, if supported by substantial evidence, must be given the same weight as the verdict of a jury. In re Guardianship of Baldwin, 217 Iowa 279, 281, 251 N.W. 696; In re Guardianship of Roland, 212 Iowa 907, 911, 237 N.W. 349; In re Guardianship of Hawk, 227 Iowa 232, 239, 240, 288 N.W. 114; In re Guardianship of Ridpath, 231 Iowa 977, 984, 2 N.W.2d 651. We find in the record before us substantial evidence to support the action of the trial court. The burden was on the ward to show she was capable of handling her business affairs.

The motion of the guardian filed in this court to strike portions of the abstract of record as prepared by counsel for the ward is sustained with costs.—Affirmed.

All JUSTICES concur.