**In the Matter of the Conservatorship of Anna R. SCHROCK.**

**No. 55881.**

Supreme Court of Iowa.

Oct. 17, 1973.

William B. Ball, Harrisburg, and Joseph C. Johnston, Iowa City, for appellant.

Robert Downer, of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellee.

Heard before MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The ward appeals trial court's decree denying her petition to terminate a voluntary conservatorship. We affirm and remand.

Anna R. Schrock was a 77-year-old widow at the time of trial. She had been under guardianship of her unmarried son Jacob and under conservatorship of First National Bank, Iowa City, and then Iowa State Bank and Trust Company, Iowa City, for about three years. In her original voluntary petition for conservatorship she asserted, "I am 74 years of age and find it difficult to travel and handle my own affairs." Her husband died October 7, 1971. She lives with Jacob near Kalona in Johnson County on a farm in which she holds an undivided one-half interest. The 100 acre farm is rented. Other assets include bonds, a savings certificate, a real estate contract, and several promissory notes of her children.

Ten of her fifteen children executed a "consent" to her termination petition. Several were present at the hearing. In her brief testimony Mrs. Schrock said she wanted the conservatorship terminated. She believed she could manage her affairs "with the help of the children that love [her]." Upon examination by the court she manifested little knowledge of her affairs, said she did not drive, and Jacob paid her bills.

There was evidence she has had heart trouble, one son testified ten children would help her with her business affairs, another interjected they all would, and one testified Jacob caused trouble with various family members. ("I would say Jacob is the main and sole cause of all this trouble.") Later that witness also blamed another brother.

The conservatorship negotiated the farm lease and handled arrangements with the executor of the estate of Mrs. Schrock's husband for management of assets owned in common. Social security income and

$75 each month are paid to Jacob as guardian. He pays Mrs. Schrock's bills and accounts to the conservator. Income to the conservatorship has been sufficient to cover expenses.

Trial court denied the petition.

■ Principles applicable in this proceeding are set out in Suplee v. Stonebraker, 195 N.W.2d 678 (Iowa 1972). The case is in equity, and our review is de novo. Although Mrs. Schrock attacks both the basis and result of trial court's decree, the sole question presented is whether under our de novo review of the record she met her burden of proving the conservatorship should be terminated.

Code § 633.675 permits termination of a voluntary conservatorship if the court determines the ward is competent and capable of managing his property and affairs and that its continuance would not be in his best interests. "[T]he court is in effect the superior conservator, while the conservator himself is deemed to be an officer of the court." Suplee v. Stonebraker, supra, at 682.

■ Under the statute, the ward has the burden of proving three essentials to termination: 1) his competency, 2) his capability of managing his property and affairs, and 3) that continuation of the conservatorship would not be in his best interests. *Id.* One who establishes cause for a voluntary conservatorship is also burdened with establishing cause for its termination.

■ In this case there is insufficient evidence to establish any of the three requisites. We cannot speculate Mrs. Schrock is competent simply because she was competent when she entered the conservatorship. One manifest purpose of voluntary conservatorships is to permit those who are competent but of failing powers to exercise the good judgment to entrust their business

affairs to a person under court supervision before losing the good judgment to make such a decision. In imposing the burden on Mrs. Schrock to prove her competency as part of the showing necessary to establish cause to terminate the conservatorship, the statute gives effect to this purpose.

■ As to the second requisite, she acknowledges she cannot manage her affairs without the help of others but insists such help is available from her children. Termination of a voluntary conservatorship is properly denied where the ward does not prove a capacity to manage his business affairs without guidance and assistance by others. Suplee v. Stonebraker, supra. The record shows a willingness by a number if not all of her children to assist Mrs. Schrock, but it also shows an undercurrent of sibling hostility. Some of her children live far away. Others owe her money on notes. Continuation of the conservatorship will not in any way inhibit them from showing their love for their mother and will avoid confusion and possible conflicts that could lead to dissipation of her modest assets. Her admitted dependence on others in the circumstances of this case shows the conservatorship should not be terminated. See In re Guardianship of Stark, 254 Iowa 598, 118 N.W.2d 537 (1962); In re Bender's Guardianship, 248 Iowa 531, 81 N.W.2d 650 (1957).

What we have said demonstrates we believe Mrs. Schrock failed to prove termination is in her best interests, the third requisite.

Trial court was right in denying the petition to terminate the conservatorship. Fees and expenses of the conservator for defending this appeal should be fixed in the trial court. The case is remanded for that purpose.

Affirmed and remanded.