# IN THE COURT OF APPEALS OF IOWA

No. 3-1223 / 13-0846
Filed February 19, 2014

IN THE MATTER OF THE GUARDIANSHIP AND
CONSERVATORSHIP OF SHERRY G. STEELMAN

**ALBERT T. STEELMAN III,**
　　Intervenor-Appellant.

_____

　　Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.

　　Albert J. Steelman III appeals the district court order appointing a guardian and conservator for his wife, Sherry G. Steelman. **AFFIRMED.**

　　Paul K. Waterman of Cronk & Waterman, PLC, Iowa City, for appellant.

　　Thomas Buchanan of Elwood, Elwood & Buchanan, Williamsburg, for appellees Sherry Steelman and Albert T. Steelman IV.

　　Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Albert J. Steelman III appeals the district court ruling appointing a guardian and conservator for his wife, Sherry G. Steelman. Albert claims there was insufficient evidence to support the district court's decision, the district court failed to consider other options, and he was deprived of a property interest in the ward's assets and should have been allowed to intervene in the proceedings. We find sufficient evidence to establish the conservatorship and guardianship, and the district court properly determined no other alternatives existed. We also find, as Albert Steelman III did not file a petition to intervene prior to the hearing, the district court was under no obligation to treat his request to testify as a petition to intervene. We affirm.

## I.      Background Facts and Proceedings

Sherry Steelman (Sherry) is an eighty-four-year-old woman who filed a voluntary petition for appointment of guardian and conservator on April 3, 2013. Concurrent with the petition, she also sought a temporary injunction against her husband, Albert J. Steelman III (Albert) seeking to prevent Albert from disposing of any of her personal property. Sherry filed the petition after becoming convinced she could no longer manage her own finances.

The petition did not provide a value for Sherry's real property and stated she owned zero dollars' worth of personal property. In reality, Sherry possessed a significant amount of personal property. During the hearing Sherry testified she owned approximately $50,000 in stocks. In reality, her holdings were closer to $500,000. Much of this personal property was inherited from her father.

Before filing the petition, Sherry had executed at least two separate powers of attorney; one in favor of her husband, another in favor of her daughter. This led to some in-fighting, confusion, and hostility amongst her family. During the hearing Sherry displayed confusion about basic facts but had a general understanding of her finances. The record indicates the goal of her petition was to prevent her husband, whose preferences in managing money differ significantly from her own, from accessing her stocks and bank account.

After hearing testimony from Sherry and her two children, the district court entered an oral ruling granting the petition. But, being advised that Albert wanted to be heard, the court allowed him to testify, indicating it could reconsider its earlier ruling. Albert stated his lack of opposition to the guardianship, but challenged many of the factual assertions from the earlier testimony. He did not formally request to intervene in the matter and was not represented by counsel. Upon hearing his testimony, the court again entered an oral ruling granting the petition and appointing Albert Steelman IV (Sherry and Albert's son) as conservator and guardian.

## II.	Scope and Standard of Review

Voluntary petitions for appointment of a guardian or conservator are triable as a proceeding in equity. Iowa Code § 633.33 (2013). The scope of our review is de novo. Iowa R. App. P. 6.907.

## III.	Discussion

Albert raises three arguments. First, he contends the evidence was insufficient to justify establishing a guardianship and conservatorship. Second,

he argues the district court should have considered a limited guardianship or conservatorship as an alternative. Finally, he contends he has a property interest in Sherry's inherited assets and income, and his testimony during the hearing should have been considered a motion to intervene. Sherry argues Albert lacks standing to contest the district court order.[1]

## A.    Sufficiency of the Evidence

A person may petition for appointment of a guardian when their ability to make decisions "is so impaired that the person is unable to care for the person's personal safety or to attend to or provide for necessities for the person . . . ." Iowa Code § 633.552 (2)(a). The evidence submitted in support of the application must show the individual is unable to think or act for themselves with regards to their personal health, general welfare, or safety. *In re Guardianship of Hedin*, 528 N.W.2d 567, 579 (Iowa 1995). "One manifest purpose of voluntary conservatorships is to permit those who are competent but of failing powers to exercise the good judgment to entrust their business affairs to a person under court supervision before losing the good judgment to make such a decision." *In re Schrock*, 211 N.W.2d 327, 329 (Iowa 1973).

Upon our review of the record, we agree with the district court a guardianship and conservatorship are appropriate. Sherry demonstrated confusion as to her age and has issued numerous, occasionally contradictory, powers of attorney, she was unable to advise the court about her medical conditions even though she is prescribed medication. On at least one occasion,

---

[1] Because we otherwise affirm the district court decision, we do not reach the issue of standing.

significant confusion existed as to who was in charge of her affairs and had the power to act in her best interests. We need not exercise much imagination to conjure a situation where this confusion leaves all parties unable to protect Sherry's personal interests in an emergency. She also displayed a dramatic under-appreciation for the size and scope of her personal finances. We find Sherry has demonstrated she is or soon will be unable to effectively manage her own affairs. Appointment of a conservator and guardian is an appropriate remedy considering the evidence in the record.[2]

Albert argues Sherry is able to care for herself and does not need a guardian and conservator. Albert relies heavily on *Hedin* to support this position. We disagree with his application of the case. *Hedin* addresses the important rights an individual has in order to be protected from having a guardianship imposed when they are able to care for themselves. *See Hedin*, 528 N.W.2d at 571–74. This is not such a case. Sherry voluntarily petitioned for the appointment of a guardian and conservator. There is no evidence in the record that would lead us to believe she was coerced into making this decision.

### B. Alternatives

Albert also argues the district court failed to consider alternatives to the appointment of a guardian or conservator. Our supreme court has held a district court must consider any credible evidence of available third-party assistance as an alternative to the extreme measure of appointment of a guardian or conservator. *See id.* at 582. The Code also requires the district court consider

---

[2] Albert and Sherry had previously discussed, with an attorney, the possibility of creating a voluntary conservatorship with a local financial institution.

whether a limited guardianship or conservatorship is appropriate before the appointment is made. *See* Iowa Code § 633.556(2). Albert's chief concern is that a limited appointment was not considered. He does not assert why a limited appointment would be more appropriate in this case. The district court order is brief; however, we find, based upon Sherry's testimony, that a limited appointment would not be appropriate, and after a full review of the remaining evidence we also conclude a limited appointment would not serve Sherry's interests.

## C.      Intervention

Albert contends his testimony during the hearing should have been considered a motion to intervene. He believes this would have given him the right to participate in the case.

Intervention is provided for in Iowa Rules of Civil Procedure 1.407. In each instance, the party wishing to intervene "shall serve a motion to intervene upon the parties." Iowa R. Civ. P. 1.407(3). Our supreme court long ago held intervention can only be by petition, and with compliance with our rules of civil procedure. *See Rosenbaum v. Adams*, 16 N.W. 290, 291 (Iowa 1883). The cases relied upon by Albert urging a more relaxed interpretation of the rule concerning intervention do not excuse the necessity of filing a petition to intervene. The district court properly considered Albert's request to be heard as nothing more than a request to testify.

**AFFIRMED.**